UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

LINDSAY LOHAN,

        Plaintiff,

vs.

CASE NO.: 2:11-cv-05413-DRH-ARL

ARMANDO CHRISTIAN PEREZ p/k/a PITBULL, SHAFFER CHIMERE SMITH, JR., p/k/a NE-YO, NICK VAN DE WALL p/k/a AFROJACK, J RECORDS, SONY MUSIC ENTERTAINMENT, SONY MUSIC HOLDINGS INC., RCA MUSIC GROUP, POLO GROUNDS MUSIC, POLO GROUNDS MUSIC PUBLISHING, INC., POLO GROUNDS MUSIC, INC., MR. 305, INC., MR. 305 ENTERPRISE, INC., and JOE JOHN AND JANE JOHN, 1 THROUGH X,

        Defendants.

_____/

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF LINDSAY LOHAN'S VERIFIED COMPLAINT

Defendants, Armando Christian Perez p/k/a Pitbull, Shaffer Chimere Smith, Jr. p/k/a Ne-Yo, Nick Van De Wall p/k/a Afrojack, J Records, Sony Music Entertainment, Sony Music Holdings, Inc., RCA Music Group, Polo Grounds Music, Polo Grounds Music Publishing, Inc., and Polo Grounds Music, Inc., respectfully submit their Reply to Plaintiff's Memorandum of Law in Opposition ("Opposition" or "Opp.") to Defendants' Motion to Dismiss the Complaint ("Motion").[1]

Plaintiff's Opposition reflects the frivolous nature of Ms. Lohan's claims. Its legal discussion mostly consists of *plagiarized* excerpts of articles found on various websites without explaining their relevance to the facts and issues in this case. The Opposition fails to

---

[1] Submitted concurrently herewith are the Declaration of Marcos Daniel Jiménez ("Jiménez Declaration") and the Declaration of Audrey Pumariega.

1

meaningfully address the arguments raised in the Motion, does not distinguish a single case relied upon by Defendants, and reveals a lack of independent research.[2] Plaintiff ends the Opposition with a fleeting reference to the motion to dismiss standard under New York *state law* and an irrelevant discussion of the state's *summary judgment* standard. *See* Opp. at ¶¶50-56. In fact, only six of the 58 numbered paragraphs in the Opposition make any reference whatsoever to this case, including three paragraphs on procedural history. *See* Opp. at ¶¶1-4, 51, 58. Only a reading of the Opposition can fully convey its careless and nonresponsive nature, and the documents attached as Exhibits A and B to the Jiménez Declaration depict its extensive plagiarism.

Ms. Lohan's Opposition fails to counter the following grounds for the Motion, among others:

**First Amendment**: Ms. Lohan's claim under Section 51 of the New York Civil Rights Law fails because the Song at issue is a work of art protected by the First Amendment. *See* Motion at 5 ("Section 51 does not apply to works of art because of the First Amendment.") (citing *Hoepker v. Kruger*, 200 F. Supp. 2d 340 (S.D.N.Y. 2002)). The Opposition fails to distinguish *Hoepker*, which is mentioned in one of the plagiarized portions of the Opposition. *Compare* Opp. at ¶¶ 46-47 *with* Jiménez Declaration, Ex. A at 18-19.[3]

---

[2] For example, the Opposition cites a case without disclosing that it was reversed. *See* Opp. at 14, 32 (citing *Hoffman v. Capital Cities/ABC, Inc.*, 33 F. Supp. 2d 867 (C.D. Cal. 1999), *rev'd*, 255 F.3d 1180, 1186 (9th Cir. 2001) (reversed in part because district court erred in concluding that the photograph at issue was not entitled to First Amendment protection).

[3] Exhibit A to the Jiménez Declaration cites a website where the plagiarized article appears. The article, which is entitled *Tiger Woods -- The Use of Celebrity Images In Works of Art: The Right of Publicity v. The First Amendment*, first appeared in the October 2002 issue of *Art World News*, is copyrighted by Art World News and Thelen, Reid & Priest LLP, and was reposted at the findlaw.com website with permission.

In *Hoepker*, the court pointed out that New York, whose substantive law governs here, takes a *broader* view of First Amendment protection for art than California does: "New York courts have taken the position in the right of privacy context that art is speech, and, accordingly, that art is entitled to *First Amendment* protection vis-à-vis the right of privacy." Id. at 349 (emphasis in original). The *Hoepker* court held that the subject art was protected under the First Amendment, whether the New York standard or the California test was applied, because it was "pure First Amendment speech in the form of artistic expression . . . and deserves full protection, even against [plaintiff's] statutorily-protected privacy interests." Id. at 350. Unquestionably, like the art in *Hoepker*, the Song at issue here is a work of art. *Ward v. Rock Against Racism*, 491 U.S. 781, 790 (1989); *ETW Corp. v. Jireh Publ'g, Inc.*, 332 F.3d 915, 924-25 (6th Cir. 2003) (holding that First Amendment protection extends to music as well as other forms of expression; that speech in the form of art is protected even though it is carried in a form that is sold for profit; that even publishers disseminating the work of others who create expressive materials also come wholly within the protective shield of the First Amendment) (collecting cases). Thus, the Song is protected by the First Amendment and cannot be the basis of any claim under Section 51 of the New York Civil Rights Law.

Besides failing to distinguish *Hoepker*, Ms. Lohan does not deny that her name has been referenced in songs by at least ten other musicians, whom she has not sued. *See id.* at 7 & n. 7. She ignores the censorship that would result if her claims are not dismissed, as musicians and other artists would be gagged when composing and performing their works of art and expressing their views. *See* Motion at 6-7.

**Advertising or Trade Purposes**: Ms. Lohan's name was not used in the Song for the required purposes of advertising or trade under Section 51. *See* Motion at 9 ("To be actionable,

the individual's name must be used as an advertisement or for purposes of trade.") (citing *Hoepker v. Kruger*, 200 F. Supp. 2d 340, 348 (S.D.N.Y. 2002)). Ms. Lohan never addresses this argument. Rather, the Opposition copies summaries of irrelevant cases involving commercial exploitation of a celebrity's name or likeness in connection with the promotion or advertising of a product or service, without arguing that Ms. Lohan's name appears in the Song for a commercial purpose rather than as a result of artistic expression.[4] *See, e.g.*, Opp. at ¶¶11, 27; p. 10 n. 2 (citing right of publicity cases where aspects of celebrities' identities were used "for portable toilets" or "in connection with defendant's shaving gel").

***De Minimis* Use**: Furthermore, the fleeting mention of Ms. Lohan's name in the Song is a *de minimis* use permitted under Section 51. *See* Motion at 10 ("[I]t is well-settled that an 'isolated' or 'fleeting and incidental' use of a person's name – even if unauthorized – cannot establish a Section 51 claim as a matter of law.") (citing *D'Andrea v. Rafla-Demetrious*, 972 F. Supp. 154, 157 (E.D.N.Y. 1997)). Ms. Lohan provides no counter-argument.

**Intentional Infliction of Emotional Distress**: The Complaint fails to plead anything more than conclusory facts, let alone facts that plausibly show the "malice" or "outrageous conduct" necessary to state a claim for intentional infliction of emotional distress. *See* Motion at 11 (intentional infliction of emotional distress claim lies only where the underlying conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community") (quoting *Fishman v. The Cnty. of Nassau*, 2011 U.S. Dist. LEXIS 100255, at *32 (E.D.N.Y.

---

[4] Ms. Lohan apparently recycled a large portion of her Opposition from her prior case against E*Trade for using her first name, Lindsay, in a television commercial for the brokerage firm. While the recycled case summaries arguably related to Ms. Lohan's claims in that case, they have no application here. *See* Plaintiff's Amended Opposition to Defendants' Motion to Dismiss Complaint, Lohan v. E*Trade Securities LLC, No. 004579/2010 (N.Y. Sup. Ct. Nassau County Aug. 9, 2010), *available at* http://www.docstoc.com/docs/51510099/lindsaylohan.

Sept. 7, 2011)). Ms. Lohan not only fails to respond to Defendants' argument that the alleged conduct does not satisfy this test but also does not even reference her intentional infliction of emotional distress claim. *See, e.g.*, Opp. at ¶4. Indeed, the phrase "intentional infliction of emotional distress" does not appear in the Opposition.

**Unjust Enrichment**: Ms. Lohan's unjust enrichment claim is preempted by the New York Civil Rights law. *See* Motion at 13. Ms. Lohan only once mentions the words "unjust enrichment" as part of a sentence providing a generic definition of the term, but wholly fails to address Defendants' preemption argument. *See* Opp. at ¶51.

**Injunction**: Ms. Lohan cannot meet the requirements for injunctive relief because she is unlikely to succeed on the merits of her claims, the balance of the equities tips sharply in Defendants' favor, and monetary damages would be a complete remedy. The Opposition conducts absolutely no analysis as to why injunctive relief would be appropriate.

Ms. Lohan's Opposition does not coherently address the above-referenced grounds for the Motion because it is primarily a hodgepodge of language cut-and-pasted from online literature about the First Amendment and the right of publicity, including completely irrelevant discussions of: the application of the First Amendment to non-verbal expression (¶5); tattoos (¶7); expression inciting imminent lawless behavior (¶8); use of celebrity "look-alike[s]" (¶¶12, 30, p. 11 n. 3, p. 15 n. 5); voice misappropriation (¶¶15-16, 35-36); trademark infringement under the Lanham Act (¶21); and whether the right of publicity survives the death of its owner (¶¶18, 41, 42). None of these issues is before the Court.

In addition to the merits of Defendants' arguments, Ms. Lohan's failure to refute any of Defendants' arguments in support of dismissal constitutes an abandonment of her claims, which should be dismissed. *See Done v. HSBC Bank USA*, 2010 U.S. Dist. LEXIS 99778, at *9 n.5

(E.D.N.Y. July 19, 2010) (Bianco, J.) (certain claims deemed abandoned when plaintiff, in opposition to defendants' motion to dismiss, "fail[ed] to address [those] claims – and defendants' grounds for dismissal of those claims"); *Burchette v. Abercrombie & Fitch Stores, Inc.*, 2009 U.S. Dist. LEXIS 26462, at *25 (S.D.N.Y. Mar. 30, 2009) (dismissing claims where plaintiff failed to address or oppose arguments made in defendant's motion to dismiss as to why a certain claim was insufficient); *Volunteer Fire Ass'n of Tappan, Inc. v. Cnty. of Rockland*, 2010 U.S. Dist. LEXIS 125394, at *23 (S.D.N.Y. Nov. 24, 2010) ("[W]hen a plaintiff fails to address a defendant's arguments on a motion to dismiss a claim, the claim is deemed abandoned, and dismissal is warranted on that ground alone.").

For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiff's Complaint with prejudice and award such other and further relief as this Court deems just and proper.

Dated: March 12, 2012

    New York, New York

                                                   KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

                                                   By: _____
                                                        Marcos Daniel Jiménez, Esq.
                                                        1441 Brickell Avenue, Suite 1420
                                                        Miami, Florida 33131
                                                         (305) 377-1666

                                                         Sarah Gibbs Leivick, Esq.
                                                         1633 Broadway
                                                         New York, New York 10019
                                                         (212) 506-1700
                                                         *Attorneys for Defendants*

To:

Stephanie G. Ovadia, Esq.
Ovadia Law Firm, P.A.
2160 Hempstead Turnpike
East Meadow, New York 11554

Anand Ahuja, Esq.
101-70 Lefferts Boulevard, Suite #2
Richmond Hill, NY  11419