KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

A NEW YORK LIMITED LIABILITY PARTNERSHIP

1441 BRICKELL AVENUE, SUITE 1420

MIAMI, FLORIDA 33131

305-377-1666

FACSIMILE: 305-377-1664

MARCOS DANIEL JIMÉNEZ
786-587-1047
MJIMENEZ@KASOWITZ.COM

ATLANTA
HOUSTON
NEWARK
NEW YORK
SAN FRANCISCO

April 4, 2012

**Via Electronic Filing**
The Honorable Judge Denis R. Hurley
United States District Court
100 Federal Plaza
Central Islip, New York 11722

Re:   *Lohan v. Perez, et al.*, CV-11-5413(DRH)(ARL)

Dear Judge Hurley:

Pursuant to this Court's Individual Practice Rule 3(B), defendants Armando Christian Perez *p/k/a* Pitbull, et al. (collectively, "Defendants") respectfully request a pre-motion conference or briefing schedule on their Motion for Attorneys' Fees and Costs against Plaintiff and her counsel for asserting and continuing to advocate frivolous claims in bad faith and committing extensive plagiarism in her Memorandum of Law in Opposition to Defendants' Motion Dismiss the Complaint ("Opposition") [DE 11], pursuant to (i) the Court's inherent powers (bad-faith conduct), (ii) 28 U.S.C. § 1927 (unreasonable and vexatious multiplication of proceedings), and (iii) Rule 11 (frivolous legal contentions, unsupported factual assertions, and suing for an improper purpose).

The misconduct punishable under these three categories is intertwined. For example, Plaintiff's Opposition (i) contains extensive plagiarism punishable under the Court's inherent powers;[1] (ii) vexatiously multiplies the proceedings warranting sanctions under Section 1927, and (iii) demonstrates the meritless nature of her claims and is thus also sanctionable under Rule 11. Where, like here, the sanctionable misconduct is intertwined, the Court may use its inherent powers to sanction ***all*** misconduct so as to avoid delay. *E.g., Chambers v. NASCO, Inc.*, 501 U.S. 32, 51 (1991); *First Bank v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 40-42 (6th Cir. 2002); *Klein v. Stahl GMBH & Co.*, 185 F.3d 98 (3d Cir. 1999); *Primus Auto. Fin. Servs. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997); *Gordon v. Royal Palm Real Estate Inv. Fund I, LLLP*, 2011 U.S. Dist. LEXIS 2110, *23 (E.D. Mich. Jan. 10, 2011); *Marine Midland Bank, N.A. v. Huber (In re Huber)*, 171 B.R. 740, 745 (Bankr. W.D.N.Y. 1994). Accordingly, Defendants are ***not*** required to comply with Rule 11's Safe Harbor provision. *See First Bank*, 307 F. 3d at 518; *Gordon*, 2011 U.S. Dist. LEXIS 2110 at *22-23.

---

[1] *See Shodeen v. Petit (In re Burghoff)*, 374 B.R. 681, 686 (Bankr. S.D. Iowa 2007) (noting that plagiarism, though sanctionable, did "not implicate Rule 11.").

Kasowitz, Benson, Torres & Friedman LLP

## I. Plaintiff's Counsel Has Engaged in Extensive Plagiarism.

Most (approximately 64 percent) of Plaintiff's Opposition is plagiarized, *see* DE 12, 13 at Exs. 1 and 2, and should be sanctioned under the Court's inherent powers. *E.g., Velez v. Alvarado*, 145 F. Supp. 2d 146, 160-61 (D.P.R. 2001) (sanctioning counsel under court's inherent powers where approximately 66 percent of summary judgment opposition brief was plagiarized, adding that "the impugnable brief was a disservice to Plaintiff, counsel's client, and this court, as it did not fully address all the arguments raised in Defendants' motion for summary judgment."); *Shodeen*, 374 B.R. at 686 (sanctions "require[d]" for plagiarism); *In re Lamberis*, 443 N.E.2d 549, 551 (Ill. 1982) (relied on in *In re Steinberg*, 620 N.Y.S.2d 345 (N.Y. App. Div. 1st Dep't. 1994)).

In a recent news article, Plaintiff's attorneys reportedly pointed the finger at one another and stated that they inadvertently used a prior draft of the Opposition. *See* Eriq Gardner, *Lindsay Lohan's Lawyer Accused of Plagiarism in Pitbull Lawsuit (Exclusive)*, The Hollywood Reporter, Mar. 22, 2012, http://www.hollywoodreporter.com/thr-esq/lindsay-lohan-pitbull-lawsuit-lawyer-accused-plagiarism-303440. Given that fourteen pages of the Opposition were lifted almost verbatim from Plaintiff's as-filed memorandum in her prior case against E*Trade Securities, which memorandum *itself* was plagiarized, the excuse is disingenuous. *See* Plaintiff's Amended Opposition to Defendants' Motion to Dismiss Complaint in *Lohan v. E*Trade Securities LLC*, No. 004579/2010 (N.Y. Sup. Ct. Nassau County Aug. 9, 2010), *available at* http://www.docstoc.com/docs/51510099/lindsaylohan.

## II. Plaintiff's Claims and Opposition are Frivolous.

Plaintiff's claims have lacked any legal or factual merit since inception. Even if that were not sufficiently evident from the Complaint, the Opposition made it abundantly clear. Courts have not hesitated to impose sanctions for proceeding with a patently insubstantial complaint, *Inducol, LDA v. Ford Motor Co.*, 1992 U.S. Dist. LEXIS 11198, *7 (E.D.N.Y. July 2, 1992) (Hurley, J.), or where, like here, plaintiff's counsel files a frivolous opposition to a defendant's motion to dismiss. *E.g., Bixler v. Foster*, 403 Fed. Appx. 325, 327-328 (10th Cir. 2010) (upholding attorneys' fees pursuant to Section 1927 where defendant's motion to dismiss "clearly highlighted" fatal flaws in plaintiff's claims, yet, "[i]nstead of dropping or amending these meritless claims [plaintiff's counsel] instead forged on, filing a 93-page opposition to [defendant's] motion to dismiss," which opposition "turned a blind eye to the uniform holdings of other circuits") (internal quotation marks omitted); *Foster v. WNYC-TV*, 1990 U.S. Dist. LEXIS 5593, *4 Copy. L. Rep. (CCH) P26, 574 (S.D.N.Y. May 10, 1990).

Plaintiff's Opposition does not meaningfully address any of Defendants' grounds for dismissal. Instead, Plaintiff's counsel mostly cut and pasted a legal discussion from her opposition in the *E*Trade* case. Both the Opposition and the prior *E*Trade* memorandum were plagiarized verbatim from various online articles without attribution and without application to the law and facts, demonstrating counsel's utter failure to conduct a reasonable inquiry into the law and facts. Furthermore, the *E*Trade* case involved E*Trade's use of Plaintiff's name in a television advertisement and not a work of art like the Song at issue in this case; therefore, the

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

analysis in *E*Trade* is inapposite here. Finally, Plaintiff's claims are entirely without merit as a matter of law for the reasons more fully set forth in Defendants' Memorandum of Law in Support of Motion to Dismiss Plaintiff Lindsay Lohan's Verified Complaint [DE 9] and Reply [DE 12], which Defendants reincorporate here.

### III. This Lawsuit was Filed in Bad Faith.

Bad faith may be inferred from Plaintiff's counsel's actions. *See Inducol*, 1992 U.S. Dist. LEXIS 11198 at *7; *Mohamed Ismail Elmasri v. Rupp*, 2011 U.S. Dist. LEXIS 10606, *9-10 (E.D.N.Y. Feb. 2, 2011) (Seybert, J.). Bad faith "may be inferred where the action is completely without merit." *Capone v. Weeks*, 326 Fed. Appx. 46, 47 (2d Cir. N.Y. 2009); *Rupp*, 2011 U.S. Dist. LEXIS 10606 at *9-10; *see Inducol*, 1992 U.S. Dist. LEXIS 11198 at *7. *Mone v. Comm'r*, 774 F.2d 570, 575 (2d Cir. 1985), is particularly instructive. There, the Second Circuit awarded double costs and attorneys' fees against an attorney who submitted an appellate brief that contained "utter[ly] irrelevan[t]" arguments, did not address the pertinent issue, and was "virtually identical to [briefs] filed on behalf of his other clients." *Id.* at 574-575. The Second Circuit explained, "[w]e cannot believe that an attorney who prepares a brief in such a careless, casual and offhand manner can in good faith believe that he presents claims to this Court that have a scintilla of legal merit." *Id.* at 575. The Opposition in the instant case contained just the sort of irrelevant, recycled arguments as the appellate brief in *Mone*, made all the worse by Plaintiff's counsel's extensive plagiarism.

Moreover, this action was a bad-faith attempt to obtain a quick settlement, a purpose that courts consider to be "improper." *E.g., Jones v. Wild Oats Mkts., Inc.*, 467 F. Supp. 2d 1004, 1009 (S.D. Cal. 2006). Plaintiff chose to sue Defendants for mentioning her name in their Song, but she has never sued the other rap artists who used her name in their songs, comedians, or other celebrities who regularly poke fun at her in the media. *See* Motion to Dismiss at 1-2, 7-9 & nn. 1 & 7. Instead, Plaintiff and her counsel waited to file suit until there was a hit song from which she thought she could profit. Moreover, Plaintiff's counsel's recent statement to counsel for Defendants and the actions above show that Plaintiff is merely trying to replicate her settlement in the *E*Trade* matter. *See* James Montgomery, *Lindsay Lohan Suing Over Pitbull's 'Give Me Everything,'* MTV NEWS, Aug. 19, 2011, http://www.mtv.com/news/articles/1669394/lindsay-lohan-sues-pitbull-give-me-everything.jhtml (referencing the *E*Trade* settlement). Accordingly, the "bad faith" requirement for Section 1927 and the Court's inherent powers and the "improper purpose" provision of Rule 11(b)(1), are satisfied.

For the foregoing reasons, the Court should grant Defendants' request to file a Motion for Attorneys' Fees and Costs.

Respectfully submitted,

Marcos Daniel Jiménez

cc: Stephanie Ovadia; Anand Ahuja; Sarah Gibbs Leivick; Audrey M. Pumariega