# LAW OFFICE STEPHANIE G. OVADIA

626 RXR Plaza, 6th Floor, Uniondale, NY 11556
516.542.2133 · 1800.922.LAWS · Fax: 516.281.0504
Email: sovadia@aol.com

April 30, 2012

<u>Via: Electronic Filing</u>

The Honorable Judge Denis R. Hurley
United States District Court
100 Federal Plaza
Central Islip, New York 11722

RE:  *Lohan v. Perez, et al.*, CV-11-5413(DRH)(ARL)

Dear Judge Hurley:

Plaintiff's response to defendants' pre-motion letter of April 4, 2012 is as follows:

I.   **Defendants' Plagiarism Claims are an Attempt to Divert the Court's Attention**

After mailing our Opposition to the Defendants' attorney's, and prior to the Defendants' attorneys claim of the alleged plagiarism, we contacted the Defendants' attorney Audrey Pumariega, Esquire, and requested her to allow our office to submit an amended opposition for filing with the court, which thereby was rejected via electronic mail. Rather allowing our office the opportunity to amend the inadvertently used prior draft, which would have obviated any alleged plagiarism concerns, the Defendants attorneys sought the Court's inherent powers to avoid this occurrence. This is unsound, as *Chambers* indicates "when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50  111 S.Ct. 2123, 2136. Accordingly, the Defendants should be required to comply with Rule 11's Safe Harbor provision and allow Plaintiff the opportunity to amend or withdraw the challenged item.

Moreover, plagiarism cases that Defendants' cite are inapplicable here. In *Velez v. Alvarado*, 145 F. Supp. 2d 146, 160-161 (D.P.R. 2001), the court sanctioned the verbatim reproduction of a judge's opinion and order from the same court. This is not a situation here, involving direct copying of a judge's opinion and orders in an attempt to color the court's opinion. Defendants citation of *Inducol, LDA v. Ford Motor Co.*, 1992 U.S. Dist. LEXIS 11198 (E.D.N.Y. July 2. 1992) (Hurley. J) is also inapplicable here as this case does not involve ineptitude of the *Inducol* scale, where the attorney filing the complaint "was not even able to specify with precision which of his clients or potential clients, would be plaintiffs". In *In re Burghoff*, 374 B.R.681 at 685-686 (Bkrtcy.N.D.Iowa 2007), the court placed strong emphasis on the point that the attorney's unreasonable fees in charging his client

1

$5,737.50 and claiming 25.5 hour of work on a pre-hearing brief in violation of Rule. 32:1.5 of the Iowa Rules of Professional Conduct. Here, there is no connection between the alleged plagiarism and exorbitant fees. In fact, the Plaintiff did not pay any costs, expenses and attorneys fees for this litigation, as we believe that it is a meritorious claim, under an emerging field of law. *In re Lamberis*, 443 N.E.2d. 549, (Ill. 1982), involved an attorney's academic plagiarism in writing a thesis in order to obtain a master's degree. The duality between copying in academia and legal practice is striking. While in academia copying is vehemently opposed, in the legal profession copying is treated differently. For example, Rule 84 of the Federal Rules of Civil Procedure encourages use of the Appendix for attorneys drafting pleadings. The fact that the unattributed copying occurred in the academic setting was a critical factor for the imposition of sanctions in that case. *In re Steinberg*, 620 N.Y.S.2d 345 (N.Y. App. Div. 1st Dep't. 1994) pertained to a lawyer's submission of a required writing sample in an application to present defendants in New York City Criminal Court where the lawyer submitted a colleague's writing as his own. The matter, herein question, does not involve wanton violations of an application procedure.

## II. Plaintiff's Claims and Oppositions are Not Frivolous

The Defendant's claim of frivolous legal contentions does not show that the legal claims and arguments the Plaintiff has put forth are "so untenable as a matter of law as to necessitate sanctions." *Mareno v. Rowe*, 910 F.2d 1043, 1047 (2d Cir. 1990). The mere fact that the Defendants may find the Plaintiff's claims unpersuasive does not make a claim frivolous. It is well known that judges on the same bench differ in their opinions and so do attorneys. Difference of opinions does not render a claim frivolous or meritless. Rule 11 sanctions is a three prongs tests that require that (1) "a reasonable inquiry into the basis for a pleading has not been made; (2) under existing precedents there is no chance of success; and (3) no reasonable argument has been advanced to extend, modify or reverse the law as it stands." *International Shipping Co., S.A. v. Hydra Offshore, Inc.*, 875 F.2d 388, 390. Opposing a Motion To Dismiss, on legitimate issues of law, is not frivolous. Since Right to Privacy and Publicity is an undeveloped law in the state of New York, Defendants' allegations are unwarranted, especially considering that the Defendants' Motion To Dismiss is still pending. A lot of information on the merits of a case is revealed through Discovery and depositions, which have yet to take place in this case. Defendants' said allegations appear to be intended to divert this court's attention from the merits of Plaintiff's Opposition to Defendants' Motion. Therefore, Defendants' actions are nothing but an attempt to prejudice this court's opinion on the pending litigation. By such allegations, Defendants' attorneys have taken for granted that the Court will decide favorably on their Motion to Dismiss. Neither in their motion to dismiss nor in their reply papers, have Defendants' attorneys raised the issues of cost, expenses, and attorney's fees.

## III. Plaintiff's Lawsuit was Not Filed in Bad Faith

A court must make an explicit finding that the attorney's conduct "constituted or was tantamount to bad faith" before awarding sanctions. Roadway Express, 447 U.S. at 767, 100 S.Ct. at 2465. This bad faith requirement is "a high threshold." (*Primus Automotive Financial Services, Inc. v. Batarse*, 115 F.3d at 649). This threshold is not met. In order to establish bad faith, Defendants state that plaintiff's name was used by other rappers prior to Plaintiff's bringing this action. Defendants claim that Plaintiff's failure to bring an action against those prior culprits makes the instant

2

action frivolous and without merits. Defendants, however, cited no case law or statute that supports defendants' arguments and states that a failure on the part of a victim to report or litigate prior acts of abuse creates a bar on plaintiff to litigate subsequent acts of abuse. Essentially, the Defendants seek to establish that before filing a claim, a victim must be aware of and is obligated to prove that prior acts for similar actions were filed by the victim for her/his past injuries. If not, the victim would have to continue tolerating that abuse forever as they would be denied the opportunity to seek justice. The Plaintiff's attorneys genuinely believe the Defendants' exploited the Plaintiff's name, and their only motivation was justice for their client. It's well established that attorneys are expected to represent their clients aggressively with zeal and vigor and consider their client's interest paramount. Plaintiff's present lawsuit is based upon law concerning the Right to Privacy and Publicity, wherein a plaintiff's name, face, voice and likeness are protected from commercial exploitation.

Additionally, Defendants' comparison of this case with *Mone v. C.I.R.*, 774 F.2d 570 (2d Cir. 1985), to show bad faith is particularly flawed. In that case, the lawyer unreasonably and vexatiously multiplied the proceedings by bringing a meritless appeal asserting irrelevant constitutional claims instead of arguing that the Tax Court abused its discretion in dismissing the petition. *Id.* at 575. This case does not involve the replication of inapplicable arguments from one case to another on the appellate level. As the legal theories involved in the instant case and the Plaintiff's case against E*TRADE, such as violations of the plaintiff's right to privacy and publicity, that does not make Plaintiff's instant case meritless and irrelevant.

IV. **Defendant's Actions were in Bad Faith on the following grounds:**

(a) That as per this Court's order of November 30, 2011, defendants were to serve (but not file) moving papers on or before January 15, 2012. However, as is demonstrated by defendants' Notice of Motion, Defendants' Memorandum of Law and Defendant's Attorney's Declaration of January 17, 2012, the Defendants failed to comply with this Court's said order. Defendants' attorneys have allegedly intentionally failed to bring their mistake of late filing of their motion to the attention to the Court.

(b) Defendants' attorneys have tried to mislead the court by submitting an unnotarized affidavit of Hugo F.L.B. Langras, who is based in Netherlands to establish diversity of citizenship in this case. Please see Exhibit 4, paragraph # 6 under 'Factual Background of Defendants' Notice of Removal.'

(c) Defendants' attorneys failed to serve, in accordance with FRCP 5 (a), a copy of their pre-motion letter of April 4, 2012 on plaintiff's attorney.

For the aforementioned reasons, the Court should deny Defendant's request to file a Motion for Attorneys' fees, costs, and sanctions against Plaintiff and Plaintiff's Counsel and award all costs, expenses and attorneys fee to Plaintiff against Defendants and Defendant's Counsel.

Respectfully Submitted,

STEPHANIE G. OVADIA, ESQ.
ANAND AHUJA, ESQ.

cc: Marcos Daniel Jimenez; Sarah Gibbs Leivick; Audrey M. Pumariega; Courtney Caprio