**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK    SEP 04 2012

-------------------------------------------------------------X

LINDSAY LOHAN                           **LONG ISLAND OFFICE**

Plaintiff,


-against-                                      CASE NO.:11 Civ. 5413 (DRH) (ARL)

ARMANDO CHRISTIAN PEREZ a/k/a PITBULL,

SHAFFER CHIMERE SMITH JR. a/k/a NE-YO,

NICH VAN DE WALL a/k/a AFOJACK,

J RECORDS, SONY MUSIC ENTERTAINMENT,

SONY MUSIC HOLDINGS INC., RCA MUSIC

GROUP, POLO GROUNDS MUSIC, POLO

GROUNDS MUSIC PUBLISHING, INC., POLO

GROUNDS MUSIC, INC., MR 305 INC.,

MR. 305 ENTERPRISE, INC., and                  **RECEIVED**

JOE JOHN AND JANE JOHN, 1 THROUGH X.

Defendants.                                    ⌐ ⌐ U ⌐ 2012

-------------------------------------------------------------X        EDNY PRO SE OFFICE

## AMENDED AFFIRMATION OF ATTORNEY ANAND AHUJA IN OPPOSITION TO ANY

## SANCTIONS AND ATTORNEYS FEES AGAINST ATTORNEY ANAND AHUJA

**ANAND AHUJA, ESQ.,** an attorney duly admitted to practice before the Courts of the

State of New York, affirms, to the best of my knowledge and belief, as follows under penalties of

perjury:

1.   That I did not indulge into any frivolous litigation as alleged. Plaintiff never discussed

her legal issues pertaining to this litigation with me, and never retained me as her attorney to

represent her in this litigation. I do not recall ever being retained by the Plaintiff as her Counsel in

this litigation. Please see my E-mails of May 10th, May 14th, May 15th, and June 04, 2012, enclosed

1

herewith as composite **Exhibit "A"** (pages 19, 20, 21, & 22), to Stephanie Ovadia, Esquire (hereinafter "OVADIA") requesting a copy of Plaintiff's retainer agreement with me, if there is any, and discussing this retainer issue with "OVADIA". A copy of Plaintiff's retainer agreement with "OVADIA" is enclosed herewith as **Exhibit "B".** It appears that my name was added to this Plaintiff's retainer agreement with "OVADIA", by "OVADIA" in her own handwriting, later on.

    2.    That I was retained by the Plaintiff's attorney, "OVADIA", sometimes in late 2009, to assist her and work as an Of Counsel to her in her legal matters.

    3.    That the original Complaint was co-drafted and co-signed by me, as Of-Counsel to "OVADIA". At the time, I co-drafted and co-signed this Complaint; I was mislead, and given a totally different picture of this case, by "OVADIA". The said Complaint then was filed in the Supreme Court of Nassau County by "OVADIA", and served by "OVADIA" on the Defendants.

    4.    That after, Defendants made their motion to remove this case from the Supreme Court of Nassau County to the Federal Court, Eastern District of New York, serious differences, concerning this case, arose between "OVADIA" and your affirmant, and I refused to further sign any papers relating to this litigation.

    5.    That "OVADIA" also did not want me to sign any further papers relating to this litigation. Attorney Stephanie Ovadia was concerned that with my name, as Co-Counsel, on court papers will eventually dilute "OVADIA'S" exposure, as Lindsay Lohan's attorney, in media. Therefore, "OVADIA" was furious with my co-signing complaint with her and told me, "Lindsay is my client and not yours. You are in this case only as my Of-Counsel. Do not act as her attorney". At the time this case was filed by "OVADIA", it generated some media publicity. In all that media publicity that was generated at that time, it is "OVADIA'S" name only that appeared as attorney for Plaintiff. That further proves that I was not a Co-Counsel on this case.

6.      That I had my own reasons to not to sign any pleadings/motions in this matter further and be a part of it, and "OVADIA" had her own reasons for it. **At that time, I promptly informed "OVADIA" that I do not wish to be associated, as a Counsel, with her on this case.** To the extent that any motions/pleadings after that, including but not limited to 'Motion To Remand', 'Plaintiff's Opposition To Defendants' Motion to Dismiss' etc., do not bear my name & signatures. All pre-motion letters on behalf of Plaintiff, all responses to Defendants' pre-motion letters with this Court, and all communications with this court and Defendants' attorneys etc., have been signed and done by "OVADIA", and none of these communications bear my signatures.

7.      That I received a copy of 'Defendants' Motion To Dismiss' via an E-mail, on 01-17-2012. A copy of Defendants' E-mail of 01-17-2012 is enclosed herewith as composite **Exhibit "A"** (page # 1). The **first incomplete draft** of 'Plaintiff's Opposition To Defendants' Motion To Dismiss' (hereinafter "Plaintiff's Opposition"), for "OVADIA" to review, revise, fix, and to give it a final shape, was promptly drafted, and E-mailed by me to "OVADIA" on 01-21-2012, i.e., within 3-4 days of my receiving 'Defendants' Motion To Dismiss'. A copy of my E-mail of 01-21-2012, with my first incomplete draft, for her to review, revise, fix, and finalize it, is enclosed herewith as composite **Exhibit "A"** (page # 2).

8.      That on all those other legal matters that I worked for "OVADIA", as her Of-Counsel since late 2009, I always redrafted pleadings/motions papers at least 4-5 times before these papers were finalized and filed. If need be, I can still produce those drafts to the Court. As a matter of practice, I always draft and redraft any pleadings/motions papers at least 3-4 times before these are given a final shape. My practice of redrafting, at least 3-4 times, of any pleadings/motion papers may be investigated, by any authority, at any time. Also, please refer to my E-mail of 02/29/2012 to "OVADIA", enclosed herewith as composite **Exhibit "A"**, (Page 6).

3

9.     That from 01-21-2012 (when my said first incomplete draft was E-mailed to "OVADIA") through 02-29-2012 (the last date of serving "Plaintiff's Opposition") i.e., for about **39 days,** there was an ample time for "OVADIA" to review, revise, and make corrections to <u>first incomplete draft</u>, and finalize it. Copies of some of these E-mails, which were exchanged between "OVADIA" and your affirmant from 02-24-2012 through 02-29- 2012, are enclosed herewith as composite **Exhibit "A"** (pages 2, 3, 4, 5, 6, 7, 8, 9, & 10).

10.     That via an E-mail, dated February 29, 2012, "OVADIA" informed me that she had revised, made necessary changes to <u>my said first incomplete draft</u> of "Plaintiff's Opposition" and had finalized it.  Enclosed herewith is "OVADIA'S" E-mail of 02-29-2012 to me, as composite **Exhibit "A" (page # 5),** confirming that my first incomplete draft was revised and finalized by her.

11.     That via another  E-mail, dated February 29, 2012, "OVADIA" not only further confirmed to me that "Plaintiff's Opposition" was ready at her end to go, but also appreciated my <u>first incomplete draft</u> that was E-mailed, by me to her, on 01-21-2012, stating, <u>"It is very well done and it needs to go out."</u> Enclosed herewith is "OVADIA'S" E-mail of 02-29-2012 to me as composite **Exhibit "A" (page # 8).** Therefore, "Plaintiff's Opposition", which is a subject matter of current motion warranting sanctions, was revised, finalized, and served by "OVADIA", and not by me. After "OVADIA" finalizes it, it then becomes her sole responsibility as its ultimate author.

12.     Once again, on February 29, 2012, I informed "OVADIA" about my withdrawing myself from this case. Please refer to last lines <u>(marked XX)</u>, of my E-mail of 02-29-2012, to "OVADIA", enclosed herewith as composite **Exhibit "A" (page 7)**. <u>Accordingly, before this allegedly questionable motion was filed by "OVADIA", and much before Defendants filed their pre-motion letter (April 04, 2012), I had withdrawn myself as Counsel from this litigation. The</u>

Court should also note that my name and signatures do not appear on 'Motion To Remand' that was filed by Plaintiff much before Plaintiff's alleged objectionable 'Opposition Motion'.

13.     Also, via some other E-mails as well as in verbal conversations, I informed "OVADIA" that I would not like to be associated with her on any of her other legal matters, and that she should promptly remove my name from all such legal matters. (Please see my E-mail of March 27, 2012, enclosed herewith composite **Exhibit "A",** page # 17, paragraph 1&4, and page 18, paragraph # 5). That an E-mail of 03-02-2012 from "OVADIA" to me, and my response thereto to her on the same day, will reveal that "Plaintiff's Opposition" was not ready and was not mailed to Defendants' attorneys till February 29, 2012. Enclosed herewith is a copy "OVADIA'S" E-mail of 03-02-2012 and my response of 03-02-2012 to her as composite **Exhibit "A" (page # 11 & 12).**

14.     That various communications amongst this Court, "OVADIA", Plaintiff's California attorney, Dave Feldman, Esquire, Plaintiff's California attorney, Shawn Holley, Esquire, and Defendants' attorneys will reveal that all these communications to these parties were initiated, and/or all responses to their communications were made by "OVADIA". I do not recall my intimating any communication or responding to these parties at any time. Except once[1] on March 12, 2012, in response to a phone call from Defendants' attorney Ms. Pumariego to me when she was unable to reach "OVADIA" and contacted me, I do not recall responding to any communication to these parties. (Enclosed is a copy of E-mails of Ms. Pumariego to "OVADIA" and my E-mail of March 13, 2012 to "OVADIA" as composite **"Exhibit A"** pages 13**,** 14, 15, 16). To the extent, there are allegedly some communications amongst these parties to which I am not even a party, privity, or otherwise aware of.

---

[1] As of serving of my original affirmation, on 06-30-2012 [DE 35-1].

5

15.    There are allegedly some communications exchanged by these parties amongst themselves, of which I have not even been provided with courtesy copies. I am not even in receipt of courtesy copies of certain alleged Court filings that "OVADIA" did with this Court. I do not recall ever getting a copy of the filed Summons and Complaint, as well as a copy of filed "Plaintiff's Opposition", which is a subject matter of current motion warranting sanctions, from "OVADIA". Via an E-mail of March 10, 2012, I once again requested "OVADIA" for a courtesy copy of filed "Plaintiff's Opposition". I do not recall "OVADIA" ever giving me a copy of it other than making usual false promises. Enclosed herewith is a copy of my E-mail of March 10, 2012 to "OVADIA", and her response, dated March 10, 2012, as composite **Exhibit "A"** (page # 13). I got these documents from Defendants' attorney as Exhibits with their motion papers. If I was a Co-Counsel as alleged by Mr. Pery Krinsky, attorney for "OVADIA", ( page 1, DE 39) then question arises why "OVADIA" did not provide me courtesy copies of her filings, and her communications with the Court as well as her communications with Defendants' attorneys? Why "OVADIA" was secretive about her moves on this case, and was not sharing complete information with me? Also, I do not recall ever getting courtesy copies of some other documents that "OVADIA" filed, from "OVADIA", as of the date of filing of this affirmation.

16.    That as stated earlier, the entire matter was under "OVADIA'S" control (please refer to my numerous E-mails, enclosed as composite **Exhibit "A"**). "OVADIA" did not tell me that she is not going to file 'Motion To Remand' and I did not know for about **39 days** (From 01-21-2012, when my said first incomplete draft was E-mailed to "OVADIA" to the last date of serving of "Plaintiff's Opposition" on 02-29-2012), what "OVADIA" intends to do with this first incomplete draft. "OVADIA" did not reveal to me that she had already retained Mr. Krinsky to represent her, and that she had taken an extension from Court, from July 2, 2012 (last date to file her response).

6

As page 12 (filed page 17/21) of DE 41, and DE 29 demonstrate, at least by June 26, 2012,

"OVADIA" had retained the services of Mr. Krinsky to represent Plaintiff and her, leaving me out

and unrepresented. However, in her E-mail of July 09, 2012 to me, "OVADIA" intentionally did not

disclose these facts to me. Enclosed is a copy of "OVADIA'S" E-mail of July 09, 2012 to me, and

my response thereto her on July 10, 2012, as composite **Exhibit "A" (pages 23 & 24)**. As

"OVADIA" had been pressurizing me previously to draft, on her as well as Plaintiff's behalf,

opposition to defendants' motion for sanctions, and as I had been refusing to do that, I interpreted

"OVADIA'S" E-mail of July 09, 2012 in that context, and responded to her accordingly, on July 10,

2012. Therefore, contrary to Mr. Krinsky's allegations against me (Footnote 1 of DE 39) it's

"OVADIA" who had not been upfront and honest about her moves in this litigation. It was

"OVADIA" who was not forthright in disclosing to me that she had retained an attorney to defend

Plaintiff and her, leaving me out and unrepresented. If I had not mailed my affirmation, well in time

on June 30, 2012 (just before the original deadline of July 2nd, 2012) I would have been left

without any defense for myself before this Court, today.

     17.    That I do not recall ever authorizing "OVADIA" to use my name in her fillings with

this Court and/or communications with the Court, Plaintiff's California attorney, Dave Feldman,

Esquire, Plaintiff's California attorney, Shawn Holley, Esquire, and Defendants' attorneys. In fact I

objected to "OVADIA", on several occasions that she should not put my name along with her name

and below her signatures on these communications that she did with these referenced parties herein.

(Please refer to my E-mail of May 10th, 2012, my E-mail of May 15, 2012, and my E-mail of June

04, 2012 to "OVADIA", enclosed herewith as composite **Exhibit "A"**, page # 19, 21, & 22). As

stated earlier, via an E-mail of 02-29-2012, I had already notified "OVADIA"  and  had withdrawn

myself from this case (Please refer to last lines <u>(marked XX)</u>, of my E-mail of 02-29-2012, to

"OVADIA" enclosed herewith as composite **Exhibit "A" (page 7).** Also please refer to my E-mail of march 27, 2012 to "OVADIA"(page 17 & 18 of composite **Exhibit "A")**. Obviously, any reference of my name as Co-Counsel with "OVADIA" by Mr. Krinsky, in his motion papers [DE 39] to this Court, is wrong, misleading, and misrepresentation of facts.

18.     That I also stated, verbally as well as through E-mails, on several occasions to "OVADIA" that her putting my name with her name below her signatures on her letterhead and in her other communications, without my authorization and over my objections, is unethical on her part. Therefore, if my name appears with "OVADIA'S" name and/or with her signatures, in any of her communications, then it's without my consent, authorization, and is over my objections.

19.     That I was lead to believe by "OVADIA" that Defendants are ready to settle this case out of court, and are willing to withdraw their 'Motion For Sanctions'. "OVADIA", thereupon told me that my not participating in the settlement conference calls with Defendants' attorneys and Plaintiff's California attorney, Dave Feldman will jeopardize all her settlement efforts. Also, I was told by "OVADIA" that my participation and assistance to "OVADIA" in these settlement conference calls is utmost important especially when my name is also mentioned in Defendants' motion. I did, therefore, participate with "OVADIA", in some of her such settlement conference-calls. Plaintiff's California attorney, Dave Feldman, in fact questioned my participation with "OVADIA" in these conference calls stating,"....And who are you?"

20.     That my assistance to, and participation with "OVADIA" in some of her such settlement conference calls, on her request, were purely on compassionate grounds to assist a fellow attorney in her settlement efforts  to avoid sanctions, and not as a Co-Counsel on this case. Therefore, my participation in some of these settlement conference calls were good faith efforts to resolve this issue of sanctions amicably and not as Co-Counsel in this case.

8

21.     That discovery, deposition, and further investigations will reveal that I am not a Counsel and/or Co-Counsel for Plaintiff in this case. I did work with "OVADIA", since late 2009, as her Of-Counsel on her some other legal matters. My name appeared as an Of Counsel on "OVADIA'S" letterhead, and I was projected by her, in her social circles, as her Of-Counsel or as her assistance till Defendants' brought their pre-motion letter for sanctions (April 04, 2012) and 'Motion For Sanctions and Attorneys Fee'. As soon as, Defendants' filed their pre-motion letter for sanctions, my name as Of-Counsel was removed by "OVADIA" from her letterhead, and she started projecting me as her Co-Counsel. In her court communications "OVADIA", then, started projected me as 'Attorney for Plaintiff'. Enclosed, as **Exhibit "C",** is a copy of one of "OVADIA'S" one of such letters to the Court, letter dated April 23, 2012, addressed to Hon. Denis Hurley, <u>wherein "OVADIA" drops 'Attorney for Plaintiff' with her name and instead puts 'Attorney for Plaintiff' with my name.</u> Also, after Defendants filed their pre-motion letter for sanctions (April 04, 2012), "OVADIA" started putting my name along-with her name and below her signatures in her communications relating to this litigation, without my authorization, consent, and over my objections to her. Obviously, "OVADIA" is misrepresenting facts to everyone.

22.     That contrary to "OVADIA" and her attorney, Mr. Krinsky's attack on my character (Page 6 DE 39), I will not indulge into any character accusations. It will be ethically wrong for me to attack a fellow attorney's character. This matter is to be decided by the Court on its own merits. Accordingly, I would leave it to the Court to decide if my filling of this affirmation, truthfully explaining the facts and circumstances, makes me unworthy to practice law. I will leave it to this Court to determine if my filling of affirmation when "OVADIA" had already retained an attorney to defend Plaintiff and her, leaving me out and unrepresented, is ethical for me or not. As stated earlier, I worked as Of-Counsel with "OVADIA" since late 2009. The clients that I represented for

9

"OVADIA", in this period, can be summoned by the Court to testify about my as well as

"OVADIA'S" character and work ethics. Also, I represented "OVADIA'S" husband Mr. Craig W.

Deodene against his ex-wife in 2010. This Court may also summon Mr. Craig W. Deodene to testify

my character and work ethics. I was honest & truthful, with my insurance career, about my working

relationship with "OVADIA". On the contrary, "OVADIA" (as she told me) did not inform her

insurance career about my working as Of-Counsel to her, even though "OVADIA" was using my

name as her Of Counsel on her letterhead. Therefore, it is important to have testimony of

"OVADIA", the clients that I represented for "OVADIA", including but not limited to

"OVADIA'S" husband, about my as well as "OVADIA'S" character, professionalism, truthfulness,

and work ethics. This Court should also note that if my character was an issue then why

"OVADIA" did not relieve me as her Of-Counsel long back, and why she kept referring me her

clients, including her husband? On the contrary, as demonstrated from my composite **Exhibit "A"**,

it was I who refused to work further with "OVADIA", because of her style of working. This Court

is requested to specifically examine my notice of withdrawal of 02-29-2012, and 03-27, 2012,

(pages 7, 17, & 18 of composite **Exhibit "A"),** which were sent to "OVADIA" much before

Defendants filed their pre-motion letter for sanctions (April 04, 2012).

      23.    Your affirmant requests this Court that the existence and content of any differences

between "OVADIA" and your affirmant relating to this case should not be considered as my

opinion or reflection, directly or indirectly, on the merits of plaintiff's case.

      24.    In "Defendants' Response", of June 18, 2012, [D.E. 28], Defendants' attorneys

state, "Finally, although .....the Court may require Ms. Ovadia's and Mr. Ahuja's continued

participation with respect to the Motion For Sanction....". The court should first note that I was not

retained by the Plaintiff as her attorney nor did I represent Plaintiff in her litigation before this

Court. My name and signatures do not appear in 'Motion To Remand' nor did I file any document with this Court on behalf of Plaintiff. Beyond co-signing merely the primarily first Complaint, I did not indulge in any such alleged 'frivolous litigation' that reflects 'bad faith' on my part. I do not recall "OVADIA" ever providing me with a copy of her filed 'Motion To Withdraw As Attorney For Plaintiff' with this Court other than a copy of her pre-motion letter concerning motion to withdraw. I do not recall Defendants' attorneys ever providing me with "OVADIA'S" 'Motion To Withdraw As Attorney'. Unless I am provided with a filed copy of such motion, I am not in a position to comment on that. Technically, I do not have to make a 'Motion To Withdraw As Attorney' as I have not been retained by Plaintiff, and I am not an attorney of record for her. The copy of Plaintiff's retainer agreement, enclosed herewith as **Exhibit "B"**, and numerous E-mails that were exchanged between "OVADIA" and your affirmant on this issue, reflects that "OVADIA" was retained by Plaintiff, and my name was added by "OVADIA", allegedly without the consent and knowledge of Plaintiff, in OVADIA'S own handwriting, later on. Also, numerous E-mails exchanged between "OVADIA" and your affirmant, (copies of some of which are enclosed herewith as composite **Exhibit "A"**) will demonstrate that at least since February 29, 2012 i.e., much before "OVADIA" filed her allegedly questionable motion and much before Defendants' filed their pre-motion sanction letter (April 04, 2012) or motion for sanction, I had withdrawn myself from this case. If, however, my name has been put by "OVADIA", and if my name appears along with her name or with her signatures on any of the documents concerning this litigation then, as stated earlier, it is without my consent, authorization, and over my objections to her.

25. "Defendants' Response", of June 18, 2012, document [D.E. 28]" further mentions my address as 626 RXA Plaza, 6th Floor, Uniondale, New York 11556. The Court should note that I

do not, and I have never maintained an office at this location. The attorneys for Defendants appear
to be confused with my role and association in this litigation.

## DEFENDANTS' CLAIMS AGAINST ANAND AHUJA, ESQUIRE ARE
## FRIVOLOUS AND WITHOUT ANY MERITS.

26.     That Defendants have not proved to this Court, with any evidence, their assertions of
'bad faith' against your affirmant. Rule 11 sanctions are tied to a signed filing, while §1927
examines the attorney's course of conduct throughout the entire litigation. *U.S. v. Int'l Bhd. of
Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991). §1927 looks in to unreasonable and vexatious
multiplications of proceedings; and it imposes an obligation on attorney's conduct throughout the
entire litigation. Therefore, §1927 misconduct is cumulative in nature. However, not all
questionable conduct is sanctionable under §1927. *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220,
1225 (11th Cir. 2003). §1927 requires the element of bad faith, which is more than mere negligence
or lack of merit. As court stated in *McMahan*, "For sanctions to be appropriate, counsel must have
engaged in unreasonable and vexatious conduct; this conduct must have multiplied the proceedings,
and the amount of the sanction cannot exceed the costs resulting from the conduct." *McMahan v.
Toto*, 256 F.3d 1120, 1128 (11th Cir. 2001), *amended, on other grounds, on reh'g*, 311 F.3d 1077
(11th Cir. 2002). In *Schwartz v. Millon Air, Inc.*, the court stated that the sanctions are permissible
"where an attorney knowingly *or recklessly* pursues a frivolous claim." 341 F.3d 1225 (emphasis
added). In *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536 (11th Cir. 1993), court found that an
attorney's conduct was "tantamount to bad faith" when he "either carelessly or deliberately"
covered up evidence. *Amlong*, 457 F.3d at 1191-92).

27.     A court must make an explicit finding that the attorney's conduct "constituted or was
tantamount to bad faith" before awarding sanctions under it's inherent. Roadway Express, 447 U.S.

at 767, 100 S.Ct. at 2465. This bad faith requirement is "a high threshold." (*Primus Automotive Financial Services, Inc. v. Batarse*, 115 F.3d at 649). Defendants have failed to meet this threshold against your affirmant. Additionally, Defendants' comparison of your affirmant's with *Mone v. C.I.R.*, 774 F.2d 570 (2d Cir. 1985), to show bad faith is particularly flawed. In that case, the lawyer unreasonably and vexatiously multiplied the proceedings by bringing a meritless appeal asserting irrelevant constitutional claims instead of arguing that the Tax Court abused its discretion in dismissing the petition. *Id.* at 575. This Court should note that your affirmant did not involve in the replication of inapplicable arguments from one case to another on the appellate level.

28.     Defendants argue in their Reply papers (1st paragraph, page 2 (7/21) of "DE 41") that plaintiff and her attorneys brought this lawsuit in bad faith to make quick bucks. However, Defendants are ignoring the facts that if your affirmant was to make any money, it was to be made only on the successful outcome of this litigation, as "OVADIA" was retained by Plaintiff on contingency fee basis (Please see **Exhibit "B"**). However, I had withdrawn from this case, at least by February 29th, 2012, i.e.; before alleged questionable motion was filed by "OVADIA", and much before Defendants brought their pre-motion letter for sanctions (April 04, 2012). Also please see my withdrawal notice of March 27, 2012, (composite **Exhibit "A"**, page 17). I withdrew myself from this case without waiting for its settlement or outcome through further proceedings. Therefore, end result of this case had no influence or bearings on your affirmant's decision to withdraw from the case. My past record, my pro-bono work, my work without compensation, and my hobby of frequently attending CLE programs will prove that Defendants' this charge against me is wrong. My name and signatures are not on 'Motion To Remand'. Your affirmant's role, however, is limited to the extent of co-drafting and co-signing the primary Complaint, and submitting <u>first incomplete draft</u> of "Plaintiff's Opposition" to Plaintiff's attorney "OVADIA" for review, revision, corrections,

13

necessary changes, and finalization. Beyond that very limited role, your affirmant did not indulge in frivolous litigation, and did not have any role that can be termed as 'bad faith' warranting sanctions.

29. The plagiarism cases that Defendants' cite are inapplicable here. In *Velez v. Alvarado,* 145 F. Supp. 2d 146, 160-161 (D.P.R. 2001), the court sanctioned the verbatim reproduction of a judge's opinion & order from the same court. This is not a situation here, involving direct copying of a judge's opinion and orders in an attempt to color the court's opinion. Defendants citation of *Inducol, LDA v. Ford Motor Co.*, 1992 U.S. Dist. LEXIS 11198 (E.D.N.Y. July 2. 1992) (Hurley. J) is also inapplicable here as this case does not involve ineptitude of the *Inducol* scale, where the attorney filing the complaint "was not even able to specify with precision which of his clients or potential clients would be plaintiffs". *In re Lamberis*, 443 N.E.2d. 549, (Ill. 1982), involved an attorney's academic plagiarism in writing a thesis in order to obtain a master's degree. The duality between copying in academia and legal practice is striking. While in academia copying is vehemently opposed, in the legal profession copying is treated differently. For example, Rule 84 of the Federal Rules of Civil Procedure encourages use of the Appendix for attorneys drafting pleadings. The fact that the unattributed copying occurred in the academic setting was a critical factor for the imposition of sanctions in that case. *In re Steinberg*, 620 N.Y.S.2d 345 (N.Y. App. Div. 1st Dep't. 1994) pertained to a lawyer's submission of a required writing sample in an application to present defendants in New York City Criminal Court where the lawyer submitted a colleague's writing as his own.

30. *Arguenda;* even if this Court determines that there was a plagiarism involved in this case, still your affirmant should not be held responsible, as my role was limited to the extent of drafting first incomplete draft of "Plaintiff's Opposition" that was further revised, corrected, finalized by "OVADIA", before it was served by her. Beyond that very limited role, your affirmant

14

did not have any role that can be termed as 'bad faith' warranting sanctions. The entire matter was under "OVADIA'S" exclusive control and she was the ultimate author of the alleged questionable motion(s). Further, as court stated in *Peterson*, "Sanctions are not warranted simply because counsel's general performance or particular decision making did not rise to the highest standards of the profession". *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997).

31.     That §1927 is warranted where, "there is a clear showing of bad faith on part of an attorney". *Shafii v. British Airways PLC*, 83 F.3d 566, 571 (2d Cir. 1996). Defendants' attorneys have ignored the contents of my affirmation of June 30, 2012 and exhibits attached thereto [DE 35-1], and have not addressed issues presented there, in their Reply papers [DE 41]. Your affirmant did not indulge into 'bad faith' conduct nor have Defendants' attorneys proved such a 'bad faith' conduct on my part. Since your affirmant has no significant role as a Counsel in this litigation, therefore, Defendants' allegations against your affirmant are unwarranted. Accordingly, any 'Motion For Sanctions And Attorneys' Fee' brought by Defendants' against your affirmant, without first establishing your affirmant's role, responsibility, and element of 'bad faith', with clear and convincing evidence, should be considered a frivolous motion by this Court, warranting sanctions and attorneys fee against Defendants and their attorneys.

**WHEREFORE,** it is respectfully requested that the Defendants' instant 'Motion For Sanctions And Attorney Fees' against your affirmant be dismissed, and that the Court grant your affirmant  such further and other relief the Court deems just and appropriate.

Queens, New York
Dated: September 4, 2012

Anand Ahuja, Esquire
101-70 Lefferts Blvd., Suite # 2
Richmond Hill, NY 11419
(718) 850-1952

15

# EXHIBIT "A"

# COMPOSITE EXHIBIT "A"

# WITH AFFIRMATION OF ANAND AHUJA, ESQUIRE

## Lohan v. Perez

1/17/12

 Courtney Caprio Add to contacts
To SOvadia@aol.com, anandesq@hotmail.com, Marcos D. Jimenez, James Sammataro, Ann M. St. Peter-Griffith, Leslie Zigel, Milly Irizarry, Yuray Morales

Fro m: **Courtney Caprio** (ccaprio@kasowitz.com)

Sen t: Tue 1/17/12 7:48 PM

To: SOvadia@aol.com; anandesq@hotmail.com

Cc: Marcos D. Jimenez (mjimenez@kasowitz.com); James Sammataro (JSammataro@kasowitz.com); Ann M. St. Peter-Griffith (AStpetergriffith@kasowitz.com); Leslie Zigel (Leslie@ziglaw.com); Milly Irizarry (MIrizarry@kasowitz.com); Yuray Morales (ymorales@kasowitz.com)

3 attachments | Download all as zip (5.0 MB)
MIA-#3233236-v1-PIBULL_LOHAN__NOTICE_OF_MOTION.PDF (80.2 KB) , MIA-#3233237-v1-PIBULL_LOHAN__DECLARATION_OF_COURTNEY_CAPRIO_IN_SUPPORT_OF_MOTION_TO_DISMISS_COMPLAINT.PDF (4.1 MB) , Digital_.pdf (831.5 KB)

Attachments, pictures and links in this message have been blocked for your safety.
Show content | Always show content from ccaprio@kasowitz.com

Stephanie and Anand,

Please review the attached.

Regards,

Courtney

Courtney Caprio
Kasowitz, Benson, Torres & Friedman LLP
1441 Brickell Avenue
Suite 1420
Miami, Florida 33131
Tel. (786) 587-1055
Fax (305) 675-8261
ccaprio@kasowitz.com

1

This e-mail and any files transmitted with it are confidential and may be subject to the attorney-client privilege. Use or disclosure of this e-mail or any such files by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please notify the sender by e-mail and delete this e-mail without making a copy.

# • **RE: Lindsay Lohan**

1/21/12

ANAND AHUJA Attorney at Law
To Att Stephanie 516-971-2041 Ovadia

1 attachment (73.4 KB)



Lindsay O...doc
View online
Download(73.4 KB)
Download as zip

## Enclosed is the draft for Plaintiff's Opposition to Motion To Dismiss.

**Anand Ahuja, Attorney at Law**

**101-70 Lefferts Blvd., Suite # 2, Richmond Hill, NY 11419**

**(Admitted in: NY, CT, VA, US Ct of Appeals for Fed. Ct; U.S. Dist. Court., Southern Dist. of NY, U.S. Dist. Court., Eastern Dist. of NY, & India)**

**PH: (718) 850-1952, (516) 502-3262 Cell: (917) 554-6371**

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein. This message (including any attachments) is confidential and privileged information. If you have received it by mistake please notify the sender by return e-mail and delete this message from your system. Any unauthorized use or dissemination of this message in whole or in part is strictly prohibited. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received or opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the Law Offices of Anand Ahuja, its employees, agents or officers for any loss or damage arising in any way from its use.

# RE: Lindsay Lohan Opposition

2/24/12

Att Stephanie 516-971-2041 Ovadia
To anandesq@hotmail.com

1 attachment (77.0 KB)



Oppositio...doc
View online
Download(77.0 KB)
Download as zip
Hi Anand,

Please review and make any changes so we can get this filed right away.  Thank you.

Very truly yours,

STEPHANIE G. OVADIA, ESQ.
Law Office of Stephanie G. Ovadia
2160 Hempstead Turnpike
East Meadow, NY 11554
Office - (516)542-2133
Fax - 516)281-0504
Cell - (516)971-1041

**PRIVILEGED AND CONFIDENTIAL: This electronic communication, including attachments, is for the exclusive use of addressee and may contain proprietary, confidential and/or privileged information. If you are not the intended recipient, any use, copying, disclosure, dissemination or distribution is strictly prohibited. If you are not the intended recipient, please notify sender immediately by phone, destroy this communication and all copies.**

## • RE: Lindsay Lohan Opposition

2/28/12
ANAND AHUJA Attorney at Law

To Att Stephanie 516-971-2041 Ovadia

Hi Stephanie:

Hope your Florida trip was wonderful.

I tried to call you yesterday but was not successful. As your voice mail was full, I could not leave a message there.

3

Frankly speaking, I am unable to understand your this E-mail as it's the same draft that I E-mailed to you, more than a month back. It was E-mailed by me to you on January 21, 2012 for your review and necessary changes. After keeping it with you for more than one month, it has been sent back to me now, with remarks "Please review and make any changes so we can get this filed right away." I am not sure what is expected by you from me at this moment??????

Also, I am not sure if you have filed the requisite pre-motion letter with the court or not?

With warm regards,

**Anand Ahuja, Attorney at Law**

**101-70 Lefferts Blvd., Suite # 2, Richmond Hill, NY 11419**

**(Admitted in: NY, CT, VA, US Court of Appeals for Fed. Ct, U.S. Dist. Court, Southern Dist. of NY, U.S. Dist. Court, Eastern Dist. of NY, & India)**

**PH: (718) 850-1952, (516) 502-3262 Cell: (917) 554-6371 Skype: attorneyanand   Yahoo-messenger: attorneyanand**

This message (including any attachments) is confidential and privileged information. If you have received it by mistake please notify the sender by return e-mail and delete this message from your system. Any unauthorized use or dissemination of this message in whole or in part is strictly prohibited. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received or opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the Law Offices of Anand Ahuja, its employees, agents or officers for any loss or damage arising in any way from its use.

- # **RE: Lindsay Lohan**

| 2/29/12

 Att Stephanie 516-971-2041 Ovadia
To anandesq@hotmail.com

2 attachments (total 2.3 MB)



Oppositio...doc
View online
Download(77.0 KB)



Scan_Doc0...pdf
Download(2.3 MB)

4

Download all as zip

Hi Anand,

I just looked over the document and all the information was included except for paragraph 3-6. All the information is easily accessible to you since you keep your own file. However, we have provided it and edited all the spelling and grammatical errors. We are once again forwarding you the response with all corrections. Please note that paragraph 3 states that the defendants were granted an extension of time to answer, however, they were never granted an extension through my office. Did you grant them an extension?

Additionally, the motion to remand was never accepted by the court since a pre-motion letter was never provided. We were under the impression that you were handling the pre-motion letter. On December 14, we forwarded an email we received from the court advising the need for a pre-motion letter. On December 30, you provided a draft of the pre-motion letter which we approved and asked you to get in ready format. Thereafter, you advised Kris to provide you a copy of the defendant's pre-motion letter which was emailed to you on January 6. Since we never received a follow up from you, we sent you an email asking if the pre-motion letter can still be submitted. Thereafter, we believed that you filed the pre-motion letter in ready format. Please advise. Kindly submit. Speak to you soon.

Best Regards,

STEPHANIE G. OVADIA, ESQ.
Law Office of Stephanie G. Ovadia
2160 Hempstead Turnpike
East Meadow, NY 11554
Office - (516)542-2133
Fax - 516)281-0504
Cell - (516)971-2041

**PRIVILEGED AND CONFIDENTIAL: This electronic communication, including attachments, is for the exclusive use of addressee and may contain proprietary, confidential and/or privileged information. If you are not the intended recipient, any use, copying, disclosure, dissemination or distribution is strictly prohibited. If you are not the intended recipient, please notify sender immediately by phone, destroy this communication and all copies.**

- # RE: Lindsay Lohan

| 2/29/12

 ANAND AHUJA Attorney at Law

To Att Stephanie 516-971-2041 Ovadia
Hotmail Active View

5

1 attachment (12.4 KB)



Aff. LL O...docx
View online
Download(12.4 KB)
Download as zip

Hi Stephanie:

This was my first draft. As you may know, one has to draft/redraft at least 3-4 times before it is given
a final shape. After this first draft, I did some more research in this matter which cannot be
incorporated now at the eleventh hour. Enclosed is your affirmation that is to be filed with your
papers. You may file separately or incorporate the language with Opposition Memorandum. At this
last minute, I am unable to do anything.

**My response to your E-mail of today is given below in red ink.**

Hi Anand,

I just looked over the document and all the information was included except for paragraph 3-6. All
the information is easily accessible to you since you keep your own file **(FYI! I do not get all the
papers and information from you. Therefore, there is no way I can maintain a complete file in
my office)**. However, we have provided it and edited all the spelling and grammatical errors. We are
once again forwarding you the response with all corrections. Please note that paragraph 3 states that
the defendants were granted an extension of time to answer, however, they were never granted an
extension through my office. Did you grant them an extension? **(No!!! I never granted any
extension, as you are the attorney on record. I believe in one of our conversations, you had
mentioned to me that you had granted an extension, therefore I incorporated that
part/paragraph. However, if there was no such extension granted by you, you may delete that
part/paragraph).**

Additionally, the motion to remand was never accepted by the court since a pre-motion letter was
never provided. We were under the impression that you were handling the pre-motion letter. **(And
from where did you get that impression? Isn't that I draft the documents, send it you for your
review and then filling in the courts are done by you? Isn't that all filings in this case, with the
court, have been done by you, and you are the attorney on record?** On December 14, we
forwarded an email we received from the court advising the need for a pre-motion letter. On
December 30, you provided a draft of the pre-motion letter which we approved and asked you to get
in ready format. Thereafter, you advised Kris to provide you a copy of the defendant's pre-motion
letter which was emailed to you on January 6. **(Defendant's pre-motion letter is a different issue;
plaintiff's pre-motion letter is a different issue. As I did not have a copy of defendant's pre-
motion letter, I asked you for the same. Immediately on receipt of your E-mail about the
plaintiff's pre-motion letter, I drafted and E-mailed it to you on 12/30/2011 to be filed by you**

with the court) Since we never received a follow up from you, we sent you an email asking if the pre-motion letter can still be submitted **(What was there for follow up???? I drafted plaintiff's pre-motion letter and E-mailed to you on 12/30/2011, to be filed by you with the court. I received, on 01/20/12, i.e., after 21 days of my pre-motion letter of 12/30/11, an E-mail from you with defendant's pre-motion attached. Why you were waiting for a follow up from me and sent me an E-mail about it, after after 21 days of my sending you plaintiff's pre-motion letter? Here is the a copy of your E-mail of 01-20-12 and my response to that on the same day i.e., 01-20-12**{From: SOvadia@aol.com
Date: Fri, 20 Jan 2012 09:58:05 -0500
Subject: Fwd: Lindsay Lohan
To: anandesq@hotmail.com

Hi Anand,

Can we still submit the pre-motion letter?  As you are aware, I am unaware of the Federal Rules and I do not practice in Federal Court and I am wondering if we can still provide the pre-motion letter. **(Your E-mail does not say that you were waiting for a follow up from me. Rather it says that you were unaware of the rules about late filing. Also, your E-mail had an attachment of defendant's pre-motion letter and not that of plaintiff's pre-motion letter)**

Very truly yours,

STEPHANIE G. OVADIA, ESQ.


Hi;

I am unable to understand your question. The enclosed pre-motion letter of November 14 is of the defendants, which has already been filed by them.

With warm regards,

**Anand Ahuja, Attorney at Law** }


Thereafter, we believed that you filed the pre-motion letter in ready format **(This just a usual blame game on your part. Unfortunately, this is a pattern. In almost all the cases that we have worked together, you keep control with you, keep things unattended with you till the last moment, and then start blaming me. I drafted this plaintiff's opposition to motion to dismiss, and E-mailed it to you on January 21, 2012. Till 0/24/2012 [Friday], I didn't get any response from you on this. Till today, I didn't get a complete corrected version from you. I am surprised and shocked to know that I was supposed to file plaintiff's pre-motion letter with the court and not you. Isn't that all filings in all these cases we are working on together, are being done by you? Isn't it that you are an attorney on record with the court and were doing all the filings? My job was to draft the documents and not to file them with the court. As I don't wish to put my license in jeopardy with this your pattern of last minute filings, I am withdrawing myself from all those cases that I we are working together.)** Please advise.  Kindly submit.  Speak to you soon.

7

With warm regards,

**Anand Ahuja, Attorney at Law**

**101-70 Lefferts Blvd., Suite # 2, Richmond Hill, NY 11419**

**(Admitted in: NY, CT, VA, US Court of Appeals for Fed. Ct, U.S. Dist. Court, Southern Dist. of NY, U.S. Dist. Court, Eastern Dist. of NY, & India)**

**PH: (718) 850-1952, (516) 502-3262 Cell: (917) 554-6371 Skype: attorneyanand   Yahoo-messenger: attorneyanand**

---

This message (including any attachments) is confidential and privileged information. If you have received it by mistake please notify the sender by return e-mail and delete this message from your system. Any unauthorized use or dissemination of this message in whole or in part is strictly prohibited. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received or opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the Law Offices of Anand Ahuja, its employees, agents or officers for any loss or damage arising in any way from its use.

# Re: Lindsay Lohan

2/29/12

 Att Stephanie 516-971-2041 Ovadia
To anandesq@hotmail.com
Hi Anand,

The retainer is for the both of us and you are also the attorney of record.  I think we should try work together on this and we can get it out.  It is very well done and it needs to go out.  We called you 30 minutes ago, I would like to get it out today.  By the way, the other man wants to meet with you.  I need a time.

Very truly yours,

STEPHANIE G. OVADIA, ESQ.
Law Office of Stephanie G. Ovadia
2160 Hempstead Turnpike
East Meadow, NY 11554
Office - (516)542-2133
Fax - 516)281-0504
Cell - (516)971-2041

**PRIVILEGED AND CONFIDENTIAL: This electronic communication, including attachments, is for the exclusive use of addressee and may contain proprietary, confidential and/or privileged information. If you are not the intended recipient, any use, copying, disclosure, dissemination or distribution is strictly prohibited. If you are not the intended recipient, please notify sender immediately by phone, destroy this communication and all copies.**

- ## RE: date please note

2/29/12
 ANAND AHUJA Attorney at Law
To Att Stephanie 516-971-2041 Ovadia

Thanks.

My understanding was not for March 20, 2012 to file plaintiff's opposition but was on or before today (February, 29, 2012). I wish I were wrong. If I am not mistaken, there was an Electronic filing order of November 30, 2011, specifying February 29th.

Again, I may be wrong in my understanding.

**Anand Ahuja, Attorney at Law**

**101-70 Lefferts Blvd., Suite # 2, Richmond Hill, NY 11419**

**(Admitted in: NY, CT, VA, US Court of Appeals for Fed. Ct, U.S. Dist. Court, Southern Dist. of NY, U.S. Dist. Court, Eastern Dist. of NY, & India)**

**PH: (718) 850-1952, (516) 502-3262 Cell: (917) 554-6371 Skype: attorneyanand   Yahoo-messenger: attorneyanand**

This message (including any attachments) is confidential and privileged information. If you have received it by mistake please notify the sender by return e-mail and delete this message from your system. Any unauthorized use or dissemination of this message in whole or in part is strictly prohibited. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received or opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the Law Offices of Anand Ahuja, its employees, agents or officers for any loss or damage arising in any way from its use.

# RE: Copy of the Electronic Order...

Photos | 2/29/12

 ANAND AHUJA Attorney at Law
To Att Stephanie 516-971-2041 Ovadia
Hotmail Active View

1 attachment (584.4 KB)

Download
View slide show (1)

<u>Download as zip</u>

**Enclosed is a copy of the order....**

**Anand Ahuja, Attorney at Law**

**101-70 Lefferts Blvd., Suite # 2, Richmond Hill, NY 11419**

**(Admitted in: NY, CT, VA, US Court of Appeals for Fed. Ct, U.S. Dist. Court, Southern Dist. of NY, U.S. Dist. Court, Eastern Dist. of NY, & India)**

**PH: (718) 850-1952, (516) 502-3262 Cell: (917) 554-6371 <u>Skype:</u> attorneyanand   <u>Yahoo-messenger:</u> attorneyanand**

_____

This message (including any attachments) is confidential and privileged information. If you have received it by mistake please notify the sender by return e-mail and delete this message from your system. Any unauthorized use or dissemination of this message in whole or in part is strictly prohibited. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received or opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the Law Offices of Anand Ahuja, its employees, agents or officers for any loss or damage arising in any way from its use.

# RE:

2/29/12
 ANAND AHUJA Attorney at Law

To Att Stephanie 516-971-2041 Ovadia

**I am not a crazy man to get upset without a reason.**
**Last minute filings are nothing but suicidal.**

**Anand Ahuja, Attorney at Law**

**101-70 Lefferts Blvd., Suite # 2, Richmond Hill, NY 11419**

**(Admitted in: NY, CT, VA, US Court of Appeals for Fed. Ct, U.S. Dist. Court, Southern Dist. of NY, U.S. Dist. Court, Eastern Dist. of NY, & India)**

**PH: (718) 850-1952, (516) 502-3262 Cell: (917) 554-6371 <u>Skype:</u> attorneyanand   <u>Yahoo-messenger:</u> attorneyanand**

_____

This message (including any attachments) is confidential and privileged information. If you have received it by mistake please notify the sender by return e-mail and delete this message from your system. Any unauthorized use or dissemination of this message in whole or in part is strictly prohibited. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received or opened, it is the

responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by
the Law Offices of Anand Ahuja, its employees, agents or officers for any loss or damage arising in
any way from its use.

# RE: Lindsay Lohan

Documents | 3/02/12

 Att Stephanie 516-971-2041 Ovadia
To anandesq@hotmail.com

1 attachment (78.5 KB)



posa.doc
View online
Download(78.5 KB)
Download as zip

Dear Anand,

According to your instructions, the document was sent before midnight on the 29th.  Please be advised
if there are any changes and any amendments which you have mentioned to me in our phone
conversation, please do that now so I can get it out immediately without any delay.

Additionally, as per the pre-motion letter, please provide in ready form so that I may get this out
immediately.  Additionally, kindly advise to as to any and all steps necessary in regard to the motion
to dismiss.  Let's try to get this all done in a timely fashion so that neither one of us have to worry.
Please advise if you have any questions or comments.

Very truly yours,

STEPHANIE G. OVADIA, ESQ.
Law Office of Stephanie G. Ovadia
2160 Hempstead Turnpike
East Meadow, NY 11554
Office - (516)542-2133
Fax - 516)281-0504
Cell - (516)971-2041

**PRIVILEGED AND CONFIDENTIAL: This electronic communication, including attachments,
is for the exclusive use of addressee and may contain proprietary, confidential and/or privileged
information. If you are not the intended recipient, any use, copying, disclosure, dissemination**

11

or distribution is strictly prohibited. **If you are not the intended recipient, please notify sender immediately by phone, destroy this communication and all copies.**

## • RE: Lindsay Lohan

3/02/12
ANAND AHUJA Attorney at Law

To Att Stephanie 516-971-2041 Ovadia

Dear Anand, **(Dear Stephanie)**

According to your instructions, **(No...not as per my instruction but as per the Court order of November 30, 2011 to you)** the document was sent before midnight on the 29th.  Please be advised if there are any changes and any amendments which you have mentioned to me in our phone conversation, please do that now so I can get it out immediately without any delay.

Additionally, as per the pre-motion letter, please provide in ready form **(I am not sure what you imply with the term 'ready form'. The contents were simply to be put on your letterhead, signed by you, and were to be filed with the Court. I am not sure how many times; I have stated this to you. As you know, I neither maintain your letterheads in my office nor can put your signatures on the letter. Please let me know what you mean by 'ready form')** so that I may get this out immediately.  Additionally, kindly advise to as to any and all steps necessary in regard to the motion to dismiss **[based upon the Court's Electronic order of November 30, 2011 to you, and defendants 'Notice Of Motion' of 01-17-2012, defendants will move to Court before the Honorable Denis R. Hurley, United States District Judge, at the United States Courthouse, 100 Federal Plaza, Central Islip, New York, on March 20, 2012, for an order dismissing this action, pursuant to Fed. R. Civ. P. 12(b) (6)]**.  Let's try to get this all done in a timely fashion so that neither one of us have to worry.  Please advise if you have any questions or comments.

Very truly yours, **(Very truly yours,)**

**Anand Ahuja, Attorney at Law**

**101-70 Lefferts Blvd., Suite # 2, Richmond Hill, NY 11419**

**(Admitted in: NY, CT, VA, US Court of Appeals for Fed. Ct, U.S. Dist. Court, Southern Dist. of NY, U.S. Dist. Court, Eastern Dist. of NY, & India)**

**PH: (718) 850-1952, (516) 502-3262 Cell: (917) 554-6371 Skype: attorneyanand   Yahoo-messenger: attorneyanand**

# Lindsay...

3/10/12
 ANAND AHUJA Attorney at Law

To Att Stephanie 516-971-2041 Ovadia
**Hi:**
**I will appreciate if you E-mail the copy of Lindsay's opposition that was mailed bay you to the defendant's attorneys.**
**With warm regards,**
**Anand Ahuja, Attorney at Law**

**101-70 Lefferts Blvd., Suite # 2, Richmond Hill, NY 11419**

**(Admitted in: NY, CT, VA, US Court of Appeals for Fed. Ct, U.S. Dist. Court, Southern Dist. of NY, U.S. Dist. Court, Eastern Dist. of NY, & India)**

**PH: (718) 850-1952, (516) 502-3262 Cell: (917) 554-6371 Skype: attorneyanand   Yahoo-messenger: attorneyanand**

This message (including any attachments) is confidential and privileged information. If you have received it by mistake please notify the sender by return e-mail and delete this message from your system. Any unauthorized use or dissemination of this message in whole or in part is strictly prohibited. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received or opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the Law Offices of Anand Ahuja, its employees, agents or officers for any loss or damage arising in any way from its use.

# Re: Lindsay...

3/10/12
 Att Stephanie 516-971-2041 Ovadia
To ANAND AHUJA Attorney at Law
We will forward from office on monday

Sent from my Samsung smartphone on AT&T

ANAND AHUJA Attorney at Law <anandesq@hotmail.com> wrote:

# • RE: Lohan/Pitbull: Table of Contents/Tabel of Authorities

3/12/12

 Audrey M. Pumariega
Add to contacts
To SOvadia@aol.com, Marcos D. Jimenez, Sarah G. Leivick, ANAND AHUJA Attorney at Law
From:**Audrey M. Pumariega** (APumariega@kasowitz.com)
Sent: Mon 3/12/12 4:44 PM

To:    SOvadia@aol.com
Cc:    Marcos D. Jimenez (mjimenez@kasowitz.com); Sarah G. Leivick (SLeivick@kasowitz.com);
       ANAND AHUJA Attorney at Law (anandesq@hotmail.com)
       1 attachment | Download all as zip (2.4 MB)
       MIA-#3241830-v1-Plaintiff_s_Cover_Page__TOA__and_TOC.PDF (2.4 MB)

Attachments, pictures and links in this message have been blocked for your safety.
Show content | Always show content from APumariega@kasowitz.com

Stephanie,

After your assistant sent the e-mail below on your behalf, you and I spoke on the phone.  Pursuant to our conversation, you agreed that you understood our position that we oppose the filing of your  Amended Opposition and that you did not intend to have it filed today.

As discussed, we will file your as-served, original opposition with the exception that we have added the table of authorities/table of contents that you provided us this morning to the front of the document.  We also created a cover page.  Please see attached and let us know immediately if disagree with any of this.

Thanks,

Audrey

Audrey Pumariega
Kasowitz, Benson, Torres & Friedman LLP
1441 Brickell Avenue
Suite 1420
Miami, Florida 33131
Tel. (786) 587-1040
Fax (305) 675-7970
APumariega@kasowitz.com

**From:** SOvadia@aol.com [mailto:SOvadia@aol.com]
**Sent:** Monday, March 12, 2012 2:33 PM
**To:** Audrey M. Pumariega
**Subject:** Re: Lohan/Pitbull: Table of Contents/Tabel of Authorities

Hi Audrey,

As per our conversation, attached please find the amended opposition as well as Exhibit B.  Thank you for your courtesy and cooperation in this matter.

Very truly yours,

STEPHANIE G. OVADIA, ESQ.
Law Office of Stephanie G. Ovadia
2160 Hempstead Turnpike
East Meadow, NY 11554
Office - (516)542-2133

14

Fax - 516)281-0504
Cell - (516)971-2041

**PRIVILEGED AND CONFIDENTIAL: This electronic communication, including attachments, is for the exclusive use of addressee and may contain proprietary, confidential and/or privileged information. If you are not the intended recipient, any use, copying, disclosure, dissemination or distribution is strictly prohibited. If you are not the intended recipient, please notify sender immediately by phone, destroy this communication and all copies.**

### In a message dated 3/12/2012 2:14:40 P.M. Eastern Daylight Time, APumariega@kasowitz.com writes:

Stephanie,

As I stated in the voicemail I left you a few moments ago, the only documents attached to your e-mail below were the Table of Contents and Table of Authorities. We will submit those on your behalf.

We did not receive an Amended Opposition or Exhibit B. Nor have we consented to any such amendment. To the extent that you intend to amend, you may seek leave of Court.

Thank you,

Audrey

**Audrey Pumariega**
**Kasowitz, Benson, Torres & Friedman LLP**
**1441 Brickell Avenue**
**Suite 1420**
**Miami, Florida 33131**
**Tel. (786) 587-1040**
**Fax (305) 675-7970**
**APumariega@kasowitz.com**

**From:** sovadia@aol.com [mailto:sovadia@aol.com]
**Sent:** Monday, March 12, 2012 1:39 PM
**To:** Audrey M. Pumariega
**Subject:** Re: Lohan/Pitbull: Table of Contents/Tabel of Authorities

Dear Audrey,

Attached please find the Amended Opposition as well as Exhibit B, Table of Contents and Table of Authorities. Kindly submit the attached documents on our behalf. Once again, thank you for your courtesy and cooperation in this matter.

**STEPHANIE G. OVADIA, ESQ.**
**Law Office of Stephanie G. Ovadia**
**2160 Hempstead Turnpike**
**East Meadow, NY 11554**
**Office - (516)542-2133**
**Fax - (516)281-0558/(516)281-0504**
**Cell - (516)971-2041**

15

**PRIVILEGED AND CONFIDENTIAL: This electronic communication, including attachments, is for the exclusive use of addressee and may contain proprietary, confidential and/or privileged information. If you are not the intended recipient, any use, copying, disclosure, dissemination or distribution is strictly prohibited. If you are not the intended recipient, please notify sender immediately by phone, destroy this communication and all copies.**

- # RE: Lindsay Lohan

3/13/12
 ANAND AHUJA Attorney at Law
To Att Stephanie 516-971-2041 Ovadia

Dear Stephanie:

I got your phone message this morning.

I understand that defendants' (Pitbull case) attorney (Adriane) was trying to reach you yesterday but was not successful. At about 2.00 p.m., she finally contacted me (after making certain alleged attempts to reach you) and told me that she did receive your E-mail with only two attachments (Table of Contents, and Table of Authorities) without any Amended Opposition attached to It., though your E-mail to her did make a reference to 'Amended Opposition'. I also tried, a couple of times, to reach you at your office number as well as your Cell yesterday, but was not successful.

As my job is to draft documents and you keep the control with you, I am not in a position to do anything. I draft documents and give them to you. If these documents are not reviewed and filed by you in time, then my whole labor goes waste. Unfortunately, this is a pattern on your part. So far on all those cases that I worked with you, you kept drafts, prepared by me, with you for months without even bothering to review them, and then at the last minute of filling them, you create panic for me (making me to drive to your office at midnight so that we may file/mail them before 12.00 a.m.). I cannot afford to live a life full of unnecessary stress….stress for which I am not even financially compensated.  I draft motions but I do not perform miracles, and not in a position to file them when everything is under your control. Except ⌐                     ¬, there is not a single case that I worked with you, and have been compensated/fully compensated.  Even in those cases where I worked with you on hourly/fixed fee basis such as I                                                           ⌐⌐ ¬,
                                 etc., I have not received money that was due to me. As per tne ust of cases given below, I have not been compensated/fully compensated for my work.

LIST OMITTED HEREWITH DUE TO CONFIDENTIALITY ISSUE. WILL SUPPLY IF COURT ORDERS SO

With warm regards,

**Anand Ahuja, Attorney at Law**

**101-70 Lefferts Blvd., Suite # 2, Richmond Hill, NY 11419**

16

**(Admitted in: NY, CT, VA, US Court of Appeals for Fed. Ct, U.S. Dist. Court, Southern Dist. of NY, U.S. Dist. Court, Eastern Dist. of NY, & India)**

**PH: (718) 850-1952, (516) 502-3262 Cell: (917) 554-6371 Skype: attorneyanand   Yahoo-messenger: attorneyanand**

This message (including any attachments) is confidential and privileged information. If you have received it by mistake please notify the sender by return e-mail and delete this message from your system. Any unauthorized use or dissemination of this message in whole or in part is strictly prohibited. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received or opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the Law Offices of Anand Ahuja, its employees, agents or officers for any loss or damage arising in any way from its use.

# Hi...

3/27/12
ANAND AHUJA Attorney at Law
To Att Stephanie 516-971-2041 Ovadia

Dear Stephanie:

1.   As I mentioned to you earlier also, I do not have experience and expertise of practicing in a Federal Court. Therefore, I cannot be associated and work with you in any legal matters that are currently pending or otherwise in the Federal Court(s).

2.   I drafted Motion To Remand and Pre-Motion letter and gave them to you but you didn't file them with the Court. Not filing a Motion To Remand and pre-motion letter may also cause a lot of embarrassment and problems.

3.   I am also concerned that you were not aware of if the last date to submit plaintiff's opposition is February 29th or March 20, until I scanned and E-mailed you a copy of such Court Order, on February 29th, 2012 (the last date to submit papers), late evening, around 8.00 p.m. Via an E-mail to me, on February 29th (around 8.00 p.m.), you inquired from me the last date of submitting opposition papers. In response to your this E-mail, I scanned and E-mailed (around 8.00 p.m.)you a copy of the Court Order of November 30th, 2011. It's your job to maintain your calendar at your end, and not mine to remind you of deadlines. **Unfortunately, my role has been reduced from an attorney to your personal secretary.**

4.   You are a nice person and I appreciate your friendship. However, in professional life, your style of working is totally different than mine. In any legal matter that I have worked with you so far, you take the control, keep things with you till last moments, and then indulge in a blame game when things get messed up. As, I do not believe in requesting for extensions to adversary party or the court to submit papers, therefore, do not wait till the last moment. On the contrary, it's your habit to do so. **Therefore, I am unable to work and associate with you on any legal matters, pending or otherwise.**

17

5. Please remove my name from all your legal matters that I am working with you or associated with in any manner, and **consider this E-mail as a notice of withdrawing my professional association with you.**

6. By a certified priority mail, I mailed Inger file back to you, yesterday.

7. Please let me know if there is any other file/papers that belong to your cases and are with me so that I may promptly mail those to you.

With warm regards,

**Anand Ahuja, Attorney at Law**

**101-70 Lefferts Blvd., Suite # 2, Richmond Hill, NY 11419**

**(Admitted in: NY, CT, VA, US Court of Appeals for Fed. Ct, U.S. Dist. Court, Southern Dist. of NY, U.S. Dist. Court, Eastern Dist. of NY, & India)**

**PH: (718) 850-1952, (516) 502-3262 Cell: (917) 554-6371 Skype: attorneyanand   Yahoo-messenger: attorneyanand**

---

This message (including any attachments) is confidential and privileged information. If you have received it by mistake please notify the sender by return e-mail and delete this message from your system. Any unauthorized use or dissemination of this message in whole or in part is strictly prohibited. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received or opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the Law Offices of Anand Ahuja, its employees, agents or officers for any loss or damage arising in any way from its use.

## • RE: LL Letter

Photos | 5/10/12

 ANAND AHUJA Attorney at Law

To Att Stephanie 516-971-2041 Ovadia

3 attachments (total 3.2 MB)
Download
Download



RA Sancti...pdf

18

Download(2.7 MB)
View slide show (2)
|
Download all as zip

Dear Stephanie:

1.   The signatures on the three enclosed documents (that includes your letter of April 30, 2012, in response to defendants' pre-motion letter of April 04, 2012), are totally different. Obviously on some of these documents, are not your signatures.  Please keep in mind that at depositions, under oath testimony, the truth will ultimately come out.

2.   Also, your opposition to defendants' motion to dismiss is signed as of February 28, 2012 (copy of your signature page with date is enclosed) whereas till about 7.10 p.m. on February 29, 2012, you did not even know the last date of filing. It was about 7.20 p.m., on February 29th, when we started arguing about the last date of your submitting papers, that I scanned and E-mailed to you court's order indicating that February 29th was last date for you to submit  your papers. Several telephone as well as E-mail communications between you and me, on February 29, 2012, would reveal that your opposition papers were not ready till late night of February 29th, and you were unable to get any extension from  court or defendants' attorneys as they were closed by that time. One wonders how these papers, that were not even ready till February 29th, were signed by you on February 28th.

3.   On Summons, you changed my office address to your office address of 2160 Hempseed Take., and told me that Lindsay was your client and I was merely an Of Counsel to your law-firm. However, when you filed your letter of April 30, 2012 in response to defendants' pre-motion letter of April 04, 2012, you removed my name as Of-Counsel from your letterhead and instead put my name along-with your name below your signatures. I did not authorize you to sign on my behalf. I am not sure in which capacity I am working on this case as I do not have my Retainer Agreement with Lindsay, and as you keep on changing my status & designation as your assistance, your Of-Counsel, Co-Counsel etc., as per your connivance. A Retainer Agreement, signed by Lindsay with me, will reveal my capacity on this case. However, whenever I asked you for a copy of the Retainer agreement, you give me a stereo type response, "It was E-mailed to you by Chris". I am hearing this from you for the last couple of months now. As you may know, I do not have to make any motion to the court to withdraw myself from the case as Lindsay has not signed any Retainer Agreement with me.

4.   I am not comfortable with all these dubious activities.  You are in-charge and you have to make your own decisions.

With warm regards,

**Anand Ahuja, Attorney at Law**

**101-70 Lefferts Blvd., Suite # 2, Richmond Hill, NY 11419**

**(Admitted in: NY, CT, VA, US Court of Appeals for Fed. Ct, U.S. Dist. Court, Southern Dist. of NY, U.S. Dist. Court, Eastern Dist. of NY, & India)**

**PH: (718) 850-1952, (516) 502-3262 Cell: (917) 554-6371 Skype: attorneyanand Yahoo-messenger: attorneyanand**

---

This message (including any attachments) is confidential and privileged information. If you have received it by mistake please notify the sender by return e-mail and delete this message from your system. Any unauthorized use or dissemination of this message in whole or in part is strictly prohibited. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received or opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the Law Offices of Anand Ahuja, its employees, agents or officers for any loss or damage arising in any way from its use.

# Hi...

5/14/12
 ANAND AHUJA Attorney at Law

To Att Stephanie 516-971-2041 Ovadia, Att Stepahnie Ovadia

Hi Stephanie:

As usual, once again you promised to E-mail me Lindsay's Retainer Agreement today, but never E-mailed the same.

I am unable to understand this hesitation on your part to provide me with a copy of Lindsay' Retainer Agreement with me. I have been reminding you of it ever since I got involved in this case but of no avail. I feel frustrated, betrayed, and have no energy/ stamina to keep on reminding you of it every day. Therefore, I have no option but to completely withdraw my association from this case.

Please note that I will not be participating now in any communications, including but not limited to conference calls with Dave Feldman, Lindsay's other attorney in California or defendants' attorneys.

With warm regards,

**Anand Ahuja, Attorney at Law**

**101-70 Lefferts Blvd., Suite # 2, Richmond Hill, NY 11419**

**(Admitted in: NY, CT, VA, US Court of Appeals for Fed. Ct, U.S. Dist. Court, Southern Dist. of NY, U.S. Dist. Court, Eastern Dist. of NY, & India)**

**PH: (718) 850-1952, (516) 502-3262 Cell: (917) 554-6371 Skype: attorneyanand Yahoo-messenger: attorneyanand**

---

This message (including any attachments) is confidential and privileged information. If you have received it by mistake please notify the sender by return e-mail and delete this message from your system. Any unauthorized use or dissemination of this message in whole or in part is strictly prohibited. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received or opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by

the Law Offices of Anand Ahuja, its employees, agents or officers for any loss or damage arising in any way from its use.

# • RE: LL

5/15/12
 ANAND AHUJA Attorney at Law

To Att Stephanie 516-971-2041 Ovadia

Hi Stephanie:

Enclosed document with your E-mail is the first page defendants' NOTICE OF MOTION

That begins with, "PLEASE TAKE NOTICE that, upon the accompanying Declaration of Courtney Caprio", and not Lindsay's Retainer Agreement with me. Also, it's a total lie that Chris E-mailed it to me yesterday. I am surprised at your statement that it was given to me a number of times. After my repeated requests for a copy of the Retainer Agreement, you had agreed to give it to me on last Friday, May 11th, 2012. This is what you told me, "Anand I will personally give it to you when we meet Friday night". However, on Friday night (May 11th) when I met you and asked for the Retainer agreement, you response was, "Gee, I forgot it in my office. You should have reminded me when I was in the office." I am not sitting in your office that I know when you are leaving office, and I have to remind you what papers you are supposed to take with you home when you are leaving your office.

Yesterday (Monday, May 14th), I reminded you again but did not receive it. I am hurt and feel betrayed when you keep saying that Chris has E-mailed it to me. Your message of yesterday (late evening, around 8.00 p.m. in response to my E-mail of yesterday to you in this context) in my voicemail, states, "She E-mailed it to you today". This is nothing but a blatant lie. Forensic investigations would reveal that nobody from your office E-mailed me a Retainer Agreement, yesterday. How is that I get your all other E-mails, and attachments but for Retainer Agreement?

Please Note that in the absence of Lindsay's Retainer agreement with me, your projecting me as her Co-Counsel in this case to everyone, including but not limited to Lindsay's California attorney Dave Feldman, and/or defendants' attorneys etc., is misleading information on your part, and may cause more harm to everyone than any benefit. Accordingly, please do not use my name as a Co-Counsel in this case as I have not been retained by Lindsay. If you wish, we may seek clarification on it by Lindsay herself or from her California attorney, Dave Feldman.

With warm regards,

**Anand Ahuja, Attorney at Law**

**101-70 Lefferts Blvd., Suite # 2, Richmond Hill, NY 11419**

**(Admitted in: NY, CT, VA, US Court of Appeals for Fed. Ct, U.S. Dist. Court, Southern Dist. of NY, U.S. Dist. Court, Eastern Dist. of NY, & India)**

21

PH: (718) 850-1952, (516) 502-3262 Cell: (917) 554-6371 Skype: attorneyanand   Yahoo-messenger:
attorneyanand

---

- This message (including any attachments) is confidential and privileged information. If you have received it by mistake please notify the sender by return e-mail and delete this message from your system. Any unauthorized use or dissemination of this message in whole or in part is strictly prohibited. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received or opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the Law Offices of Anand Ahuja, its employees, agents or officers for any loss or damage arising in any way from its use.

# My observations on your affidavit

6/04/12
To Att Stephanie 516-971-2041 Ovadia, Att Stepahnie Ovadia

Dear Stephanie:

My observations on your affidavit are given below:

1.   Your affidavit states that Anand Ahuja is your Co-Counsel. This statement is not correct as I was retained by you, on all of your cases that I worked with you, as your Of-Counsel. I was always projected by you, as your Of Counsel working for you before your clients and in your social circles, and not as an independent/separate attorney from your office. If you recall you were very particular about this and were insisting that I was your Of-Counsel on this case, to the extent my signatures were forged illegally by your office on the Summons, and my address was changed from my office to your office on the Summons when these Summons were filed by you in the Court. It will not be possible for you to hide the fact that I was your Of-Counsel and not a Co-Counsel, at the time of discovery and deposition. Therefore, making a false statement in your affidavit may be considered as a perjury on your part.

2.   If I were a Co-Counsel then I would have taken my own Retainer Agreement from Lindsay Lohan, the detailed Retainer Agreement that I use for my clients. You very well know my position on Retainer Agreement. I am very particular about getting a detailed Retainer Agreement signed from my clients. The fact that Lindsay singed her Retainer Agreement with you, and not with me; therefore, I am not a Co-Counsel and as such can be considered as a Co-Counsel. It would be a misrepresentation to state so. My name was added by you on it, in your own handwriting allegedly without the knowledge and consent of Lindsay, later on when I insisted on getting a copy of the Retainer Agreement. Please note that you may have to enclose a copy of your this Retainer Agreement with your said affidavit eventually. Therefore, any false statement made by you may cause more problems here.

3.   Your earlier statements to media about this case were, "My Of-Counsel, Anand Ahuja.....", and you had always insisted that these were your clients and my working on them with you was as your Of-Counsel.

22

4.  Any exchange of text messages/E-mails between you, Dina Lohan, Aliana Lohan, Dave Feldman etc., are exchange of personal text messages/E-mails, and NOT exchange of text messages/E-mails with your office. Therefore, you stating in your affidavit that "Our Office/We instead of I/me" in relation to these text messages/E-mails may be considered as perjury on your part. If you had received any text messages/E-mails from Aliana, Dina, and Dave Feldman then it should be addressed by you, in your affidavit, as "I/me" and not "We/our". These text messages were neither sent to me/copied to me nor were forwarded by you to me. I am not even sure how many these text messages/E-mails did you actually exchange with these parties.

5.  Please not that this is your affidavit and not 'our' affidavit. I am not a part of this affidavit and cannot make any wrong statement. I don't even know when you were actually retained by Lindsay and when did she sign the Retainer Agreement except getting a copy of the Retainer Agreement a few days back (in the month of May 2012) from you.

With warm regards,

**Anand Ahuja, Attorney at Law**

**101-70 Lefferts Blvd., Suite # 2, Richmond Hill, NY 11419**

**(Admitted in: NY, CT, VA, US Court of Appeals for Fed. Ct, U.S. Dist. Court, Southern Dist. of NY, U.S. Dist. Court, Eastern Dist. of NY, & India)**

**PH: (718) 850-1952, (516) 502-3262 Cell: (917) 554-6371 Skype: attorneyanand   Yahoo-messenger: attorneyanand**

---

This message (including any attachments) is confidential and privileged information. If you have received it by mistake please notify the sender by return e-mail and delete this message from your system. Any unauthorized use or dissemination of this message in whole or in part is strictly prohibited. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received or opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the Law Offices of Anand Ahuja, its employees, agents or officers for any loss or damage arising in any way from its use.

## • **Motion for Sanctions**

From: sovadia@ovadialawfirm.com
To: anandesq@hotmail.com
Subject: RE: Motion for Sanctions
Date: Mon, 9 Jul 2012 13:20:09 +0000

Dear Anand,

I am still awaiting your response as to whether you will be putting in a response to the sanctions motion. Please advise as soon as possible.

Very truly yours,
STEPHANIE G. OVADIA, ESQ.

Law Office of Stephanie G. Ovadia
626 RXR Plaza, West Tower, 6th Floor
Uniondale, NY 11556
Office - (516)542-2133
Fax – (516)281-0504

**PRIVILEGED AND CONFIDENTIAL: This electronic communication, including attachments, is for the exclusive use of addressee and may contain proprietary, confidential and/or privileged information. If you are not the intended recipient, any use, copying, disclosure, dissemination or distribution is strictly prohibited. If you are not the intended recipient, please notify sender immediately by phone, destroy this communication and all copies.**

7/10/12
 ANAND AHUJA Attorney at Law

To Att Stepahnie Office Ovadia, Att Stephanie 516-971-2041 Ovadia, Att Stepahnie Ovadia

Dear Stephanie,
Isn't the last date to file opposition to motion for sanctions July 2nd?

As I have told you so many times earlier also, I am not in a position to help you in this matter.

It's for the court or Lindsay's California attorneys to decide if you have done anything wrong in Lindsay's case or not, and not for me. Therefore, you don't have to explain or clarify me that.

With warm regards,

**Anand Ahuja, Attorney at Law**

**101-70 Lefferts Blvd., Suite # 2, Richmond Hill, NY 11419**

**(Admitted in: NY, CT, VA, US Court of Appeals for Fed. Ct, U.S. Dist. Court, Southern Dist. of NY, U.S. Dist. Court, Eastern Dist. of NY, & India)**

**PH: (718) 850-1952, (516) 502-3262 Cell: (917) 554-6371 Skype: attorneyanand   Yahoo-messenger: attorneyanand**

This message (including any attachments) is confidential and privileged information. If you have received it by mistake please notify the sender by return e-mail and delete this message from your system. Any unauthorized use or dissemination of this message in whole or in part is strictly prohibited. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received or opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the Law Offices of Anand Ahuja, its employees, agents or officers for any loss or damage arising in any way from its use.

24

EXHIBIT "B"

# CONTINGENT RETAINER

To:     Stephanie G. Ovadia, Esq. *and Anand Ahuja, Esq.*
        2160 Hempstead Turnpike
        East Meadow, NY 11554
        (516)542-2133

The Undersigned, residing at: 1749 Old Mill Rd Merrick, NY 11566 hereby retains you to prosecute or adjust a claim for damage arising from personal injuries sustained by: _____, on or about: _____, and the undersigned hereby gives you the exclusive right to take all legal steps to enforce the said claim and hereby further agrees not to settle this action in any manner without your consent.

In consideration of the services rendered and to be rendered by you, the undersigned hereby agrees to pay you and you are authorized to retain out of any monies that may come into your hand by reason of the above claim:

Thirty-three and one-third (33-1/3%) percent, of the sum recovered, whether recovered by suit, settlement or otherwise.

Such percentage shall be computed on the net sum recovered after deducting from the amount recovered expenses and disbursements for expert testimony and investigative or other services properly chargeable to the enforcement of the claim or prosecution of the action. In computing the fee, the costs as taxed, including interest upon a judgment, shall be deemed part of the amount recovered. For the following or similar items there shall be no deduction in computing such percentages: liens, assignments or claims in favor of hospitals, for medical care and treatment by doctors and nurses, or self-insurers or insurance carriers.

It is agreed and understood that the client shall be responsible for all disbursements necessary to evaluate and determine whether a cause of action exists and such expenses shall be borne by the client. Fees for medical, police and other reports not bearing on the question of whether liability exists and all court filing fees, depositions, etc., will be advanced by Stephanie G. Ovadia, Esq. If the matter is reached for trial, the claim or prosecution of the action. Notwithstanding anything contained, it is understood, that if the matter results in a recovery, each party shall be entitled to reimbursement of expenses advanced before the computation of the fee.

SIGNATURE _____         PRINT NAME _____

DATED: _____, NEW YORK

EXHIBIT "C"

# LAW OFFICE STEPHANIE G. OVADIA

626 RXR Plaza, 6ᵗʰ Floor, Uniondale, NY 11556
516.542.2133 · 1800.922.LAWS · Fax: 516.281.0504
Email: sovadia@ovadialawfirm.com

April 23, 2012

Honorable Denis Hurley
United States District Court
100 Federal Plaza
Central Islip, NY 11722

RE:     Lohan vs. Perez, et al., CV-11-5413 (DRH) (ARL)

Dear Honorable Hurley:

Pursuant to your Individual Practice Rule 2E, we hereby respectfully request an extension of time to respond to the defendant's pre-motion conference letter which a response was to be made on April 23, 2012.

We have contacted defendant's counsel and have obtained their consent. We respectfully request the date to respond be on or about April 30, 2012. We have sought one prior adjournment.

If you have any questions, please do not hesitate to call. Thank you for your courtesy and cooperation to this matter.

Very truly yours,

STEPHANIE G. OVADIA, ESQ.

SGO:kc

cc: Anand Ahuja, Esq.
    Attorneys for Plaintiff
    101-70 Lefferts Boulevard, #2
    Richmond Hill, NY 11419

## AFFIRMATION OF SERVICE

STATE OF NEW YORK)

                          :.ss.:

COUNTY OF QUEENS)


    I, ANAND AHUJA, ESQ., an attorney at law, duly admitted to practice law before the Courts of the State of New York, affirm the following to be true under the penalty of perjury:

    That on the __4th__ day of September, 2012, your affirmant served within a copy of AMENDED AFFIRMATION OF ATTORNEY ANAND AHUJA IN OPPOSITION TO ANY SANCTIONS AND ATTORNEYS FEES AGAINST ATTORNEY ANAND AHUJA along-with  supporting papers and exhibits,


    By depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within the State of New York, addressed to each of the following persons at the last known address set forth after each name:


Kasowitz, Benson, Torres & Friedman LLP
Attorneys For Defendants
1441 Brickell Avenue
Suite 1420
Miami, Florida 33131

Pery D. Krinsky, Esquire
Attorney For Plaintiff and Stephanie Ovadia, Esquire
Woolworth Building
233 Broadway, Suite 707
New York, New York 10279


Dated: Queens, New York

    Affirmed this __4th__ day of September, 2012


                                     **ANAND AHUJA, ESQ.**

CASE NO.:11 Civ. 5413 (DRH) (ARL)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LINDSAY LOHAN,

                                                                                    Plaintiff,

- against -

ARMANDO CHRISTIAN PEREZ a/k/a PITBULL,
SHAFFER CHIMERE SMITH JR. a/k/a NE-YO,
NICH VAN DE WALL a/k/a AFOJACK,
J RECORDS, SONY MUSIC ENTERTAINMENT,
SONY MUSIC HOLDINGS INC., RCA MUSIC
GROUP, POLO GROUNDS MUSIC, POLO
GROUNDS MUSIC PUBLISHING, INC., POLO
GROUNDS MUSIC, INC., MR 305 INC.,
MR. 305 ENTERPRISE, INC., and
JOE JOHN AND JANE JOHN, 1 THROUGH X.

                                                                                    Defendants

---

## AMENDED AFFIRMATION OF ATTORNEY ANAND AHUJA IN OPPOSITION TO ANY SANCTIONS AND ATTORNEYS FEES AGAINST ATTORNEY ANAND AHUJA

**ANAND AHUJA, ESQ.**
**101-70 Lefferts Blvd. Suite # 2**
**Richmond Hill, NY 11419**
**Telephone: (718)850-1952**

---

Pursuant to 22 NYCRR 130.1.1, the undersigned certified that, upon information and belief, and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.
Dated: September 4, 2012

                                                                    _____
                                                                    **ANAND AHUJA, ESQ.**

---

Service of a copy of the within documents are hereby admitted by the Defendant.

                                                                    _____
                                                                    Attorney(s) for Defendant(s)