UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

LINDSAY LOHAN,　　　　　　　　　　　　　　　　CASE NO.: 2:11-cv-05413-DRH-ARL

　　　　　　Plaintiff,
vs.

ARMANDO CHRISTIAN PEREZ *p/k/a* PITBULL, SHAFFER CHIMERE SMITH, JR., *p/k/a* NE-YO, NICK VAN DE WALL *p/k/a* AFROJACK, J RECORDS, SONY MUSIC ENTERTAINMENT, SONY MUSIC HOLDINGS INC., RCA MUSIC GROUP, POLO GROUNDS MUSIC, POLO GROUNDS MUSIC PUBLISHING, INC., POLO GROUNDS MUSIC, INC., MR. 305, INC., MR. 305 ENTERPRISE, INC., and JOE JOHN AND JANE JOHN, 1 THROUGH X,

　　　　　　Defendants.
_____/

## **DECLARATION IN RESPONSE TO COURT'S ORDER [D.E. 44]**

　　　　I, Audrey Pumariega, under the penalty of perjury, swear pursuant to 28 U.S.C. § 1746, that the following is true and correct:

　　　　1.　　I am an associate at the law firm of McDermott, Will & Emery LLP and represent Defendants Armando Christian Perez *p/k/a* Pitbull, Shaffer Chimere Smith, Jr. *p/k/a* Ne-Yo, Nick Van De Wall *p/k/a* Afrojack, J Records, Sony Music Entertainment, Sony Music Holdings Inc., RCA Music Group, Polo Grounds Music, Polo Grounds Music Publishing, Inc. and Polo Grounds Music, Inc. (collectively, "Defendants") in this action.

　　　　2.　　I was previously an associate at the law firm of Kasowitz, Benson, Torres & Friedman LLP, which law firm continues to serve as co-counsel for the Defendants. I have been admitted to the Florida Bar in good standing since 2010 and was granted permission to appear *pro hac vice* before this Court by Order dated April 12, 2012.

1

3. I respectfully submit this declaration in response to the Court's Order dated August 28, 2012 [D.E. 44]. I am fully familiar with the facts and circumstances stated herein.

4. On August 28, 2012, the Court entered a sealed Order [D.E. 44] ("Order") deferring ruling on Plaintiff's Motion seeking leave to file certain documents under seal.

5. We did not receive a copy of the sealed Order. We confirmed with Pery Krinsky, counsel for Plaintiff and for Stephanie Ovadia, that neither he nor his clients received the sealed Order either. According to Mr. Krinsky, his firm followed up with the Clerk of Courts for the Eastern District of New York, who advised that the parties would receive a copy if the Court intended for them to receive one. Ultimately, the Clerk of Courts never sent a copy of the Order to any party.

6. Recently, upon reviewing the docket in this matter, I realized that we still had not received a copy of the sealed Order. Immediately, I called the Court's Courtroom Deputy to determine how we could obtain a copy. The Courtroom Deputy advised that she would send a copy of the Order via mail. We received a copy on December 26, 2012, and sent an electronic copy to counsel for Ms. Ovadia the same evening. I conferred with Mr. Krinsky the following day.

7. The Order requires Defendants' counsel to submit an affidavit confirming whether or not we reviewed the documents that Plaintiff sought to file under seal, and if so, how we came into possession of such documents. Pursuant to the Court's Order dated December 27, 2012 (granting Defendants permission to file this declaration by January 10, 2012), I respectfully state as follows on behalf of Defendants' counsel:

8. On June 8, 2012, Plaintiff's counsel filed a motion for leave to electronically file document under seal, along with several attachments thereto. Insofar as the motion was sealed,

my colleagues and I did not know the substance of what had been filed, or the basis for sealing same.

9. Believing that Plaintiff and her counsel wanted to protect the filed documents from public scrutiny, I requested that Plaintiff's counsel, Stephanie Ovadia, serve us with a copy of the filing. Ms. Ovadia agreed to do so. She did not indicate that the filing should be protected from Defendants' review or that the documents contained attorney-client privileged material or information protected by the work-product doctrine.

10. On June 15, 2012, Ms. Ovadia's assistant sent the following documents to us via e-mail:

- "Plaintiff's Counsel's Memorandum of Law in Support for Leave to File Motion to Withdraw as Counsel of Record and Supporting Declaration of Stephanie Ovadia Under Seal." There were no exhibits/attachments to this Memorandum, which was provided in unexecuted but apparently final form.

- "Notice of Motion to Withdraw as Counsel of Record and Stay Proceedings." There were no exhibits/attachments to this Notice, which was provided in unexecuted but apparently final form.

- "Motion of Stephanie Ovadia, Esq. & Anand Ahjua [sic], Esq. to Withdraw as Counsel and Memorandum of Law in Support of the Motion to Permit Stephanie Ovadia, Esq. & Anand Ahjua [sic], Esq. to Withdraw as Counsel of Record for Plaintiff Lindsay Lohan." There were no exhibits/attachments to this Notice, which was provided in unexecuted but apparently final form.

- "Declaration of Stephanie G. Ovadia." There were no exhibits/attachments to this Notice, which was provided in unexecuted but apparently final form.

- "Exhibit A." This exhibit was an e-mail chain containing two e-mails dated May 14, 2012 – one at 8:03 a.m. and one at 10:06 a.m.. The first was a mere transmittal e-mail from Ms. Ovadia to Plaintiff's California counsel, referencing a letter attached thereto but not provided to the undersigned. The second was a response from California counsel, which innocuously referenced a prior conversation.

11. The papers listed in Paragraph 10 above refer to and request "*in camera*" inspection of certain documents by the Court. Since Plaintiff's counsel provided the papers

above for our review, we construed her request to mean that there were <u>additional</u> documents that we had not received along with the materials referenced in Paragraph 10, for which she was seeking *in camera* review. *See, e.g.*, Declaration of Stephanie Ovadia at ¶¶ 13, 14 (referring to certain text messages and correspondence that were not included in the set of materials Ms. Ovadia's assistant provided to us); Motion to File Under Seal at p. 3 (seeking to protect from "public disclosure" confidential information "between Plaintiff's attorney and Plaintiff," whereas the undersigned only received one e-chain between Plaintiff's counsel).

12.  Because Plaintiff's counsel forwarded the documents identified in Paragraph 10 directly to us, neither I nor my colleagues understood that Plaintiff sought to preclude the Defendants from reviewing them.

*Audrey Pumariega*
Printed Name

*January 8, 2013*
Date of Declaration/Execution

*[signature]*
Audrey Pumariega, Esq.
McDermott Will & Emery LLP
333 Avenue of the Americas (also known as
333 Southeast 2nd Avenue)
Suite 4500
Miami, Florida 33131

4