UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X

LINDSAY LOHAN,

                Plaintiff,

  – against –

ARMANDO CHRISTIAN PEREZ a/k/a PITBULL,
SHAFFER CHIMERE SMITH JR. a/k/a NE-YO, NICK        11 Civ. 5413 (DRH) (ARL)
VAN DE WALL a/k/a AFROJACK, J RECORDS, SONY
MUSIC ENTERTAINMENT, SONY MUSIC HOLDINGS
INC., RCA MUSIC GROUP, POLO GROUNDS MUSIC,
POLO GROUNDS MUSIC PUBLISHING, INC., POLO
GROUNDS MUSIC, INC., MR. 305, Inc., MR. 305
ENTERPRISE, INC., and JOE JOHN and JANE JOHN, 1
THROUGH X.

                Defendants.

---------------------------------------------------------------------------X

### DECLARATION OF STEPHANIE G. OVADIA, ESQ. PURSUANT TO 28 U.S.C. § 1746

       STEPHANIE G. OVADIA, an attorney licensed to practice in the State of New York and a member of the Bar of this Court, pursuant to 28 U.S.C. § 1746, hereby declares under the penalty of perjury:

       1.     I am the principal of the Law Office Of Stephanie G. Ovadia, and I, together with co-counsel Anand Ahuja, Esq., represent the Plaintiff, Lindsay Lohan (the "Plaintiff"), in the above-captioned case (the "Pitbull Case"), now-pending before this Court.

       2.     Together with the accompanying Declaration of my ethics counsel, Pery D. Krinsky, Esq., dated January 11, 2013, I respectfully submit the within Declaration in connection

*KRINSKY, PLLC*

with and in response to this Court's sealed Order dated August 28, 2012 (Docket Entry ["Dkt."] 44 [the "August 28th Order"]); and in further hope that this Court will subsequently grant the now-proposed Motion to Withdraw as Counsel ("Motion to Withdraw"), and permitting my co-counsel, Mr. Ahuja, and me to be relieved as Plaintiff's counsel in the within Pitbull Case now-pending before this Court.

3.   I am fully familiar with the facts set forth herein, and the same are true to my knowledge. My belief, as to those matters herein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

4.   On December 26, 2012, I first received a copy of this Court's August 28th Order (Dkt. 44), which had been forwarded to my ethics counsel, Mr. Krinsky, and which Mr. Krinsky had received that same day, December 26, 2012, from Defendants' counsel. On December 27, 2012, I duly submitted a pre-motion letter (Dkt. 48) for leave to file responsive papers to the Court's August 28th Order, which was granted by this Court by Order dated December 28, 2012 (see Dkt. Entry between Dkts. 48 and 49), extending my time to respond to the Court's August 28th Order to January 11, 2013.[1]

5.   Briefly, and only by way of background, pursuant to this Court's Individual Practice Rule 3(B), on May 24, 2012, I duly submitted to this Court a letter request (Dkt. 22) for

---

[1] As noted in Mr. Krinsky's accompanying Declaration and the January 8, 2013 Declaration of Defendants' counsel, Audrey Pumariega, Esq. (Dkt. 49, p. 2, paras. 4-6), neither Plaintiff's counsel nor Defendants' counsel had received the August 28th Order at or about the time the Order had been issued.

*Krinsky, pllc*

2

leave to file a Motion to Withdraw; and, thereafter, by Order dated May 25, 2012 (Dkt. 23), this Court granted my request for leave to file a Motion to Withdraw.

6. Consistent with and pursuant to this Court's Order dated May 25, 2012 (Dkt. 23), I sought to file under seal the proposed joint Motion to Withdraw, as well as my proposed Declaration in support of the Motion to Withdraw. My now-former legal secretary, Kristin Chin, contacted the Clerk's Office to confirm the proper procedure for filing the Motion to Withdraw under seal; and Ms. Chin was informed that a letter was required to be submitted to the Court with regard to same; and thereafter, on June 4, 2012, a letter was submitted to the Court as to our request to have the Motion to Withdraw filed under seal. (See Dkt. 24.) By Order dated June 5, 2012, this Court referred Plaintiff's counsel to the Clerk's Office with regard to filing the Motion to Withdraw under seal. (See Dkt. Entry between Dkts. 24 and 25.)

7. In light of and in connection with the Court's Order dated May 25, 2012 (Dkt. 23), I sought to have Plaintiff execute a Consent to Change Attorney form. After discussing this matter with David Feldman, Esq., one of Plaintiff's counsel in California, I transmitted to him a Consent to Change Attorney form on June 7, 2012; and I informed Mr. Feldman that, absent an extension of time, the Motion to Withdraw was required to be submitted by the following day, on June 8, 2012.

8. I did not receive an executed Consent to Change Attorney form by June 8, 2012; and, accordingly, I requested an extension of time to file the Motion to Withdraw. (See Dkt. 25.) The Court had not yet ruled on my request before the close of business on June 8, 2012, and, therefore, the Motion to Withdraw and my supporting Declaration were filed as attachments to the

Motion for Leave to Electronically File Documents Under Seal. By Order dated June 11, 2012, this Court deferred consideration of the Motion to Withdraw until June 18, 2012. (See Dkt. Entry between Dkts. 27 and 28.)

9. On June 11, 2012, I was informed that the substitution of counsel related matter would be coordinated on behalf of Plaintiff by another attorney in California who also represented certain interests of Plaintiff. On June 15, 2012, I requested that this Court, in effect, delay its final consideration of the Motion to Withdraw to allow time for the substitution of counsel related matter to be appropriately addressed and resolved by other lawyers who represented the interests of Plaintiff in other matters unrelated to the Pitbull Case (Dkt. 27); and by Order dated June 18, 2012, the Court granted my June 15th letter request (see Dkt. Entry between Dkts. 27 and 28).

10. In this regard, the Court's August 28th Order (p. 4), makes clear that "[t]o the extent plaintiff has retained separate counsel who intend to represent her in this action in the event her current counsel's motion to withdraw is granted, the Court suggests that the filing of a Consent to Change Attorney form is the most expeditious method of resolving this issue while ensuring that plaintiff's confidential information remains unexposed." To date, Plaintiff's other counsel (either on their own behalf or on behalf of other newly retained New York counsel), have not returned to me the executed Consent to Change Attorney form indicating that Plaintiff has retained new counsel with respect to the Pitbull Case now-pending before this Court; and, accordingly, I have not filed a Consent to Change Attorney form with this Court.

11. With respect to the matter of the Motion to Withdraw, the Court has directed Plaintiff as follows:

- *First*, "proffer, in writing, her position as to how any such service [of the Motion to Withdraw and my supporting Declaration upon defendants] would impact the pending Motion for Leave to Electronically File Documents Under Seal, given that the stated basis of this motion is the desire to protect the attorney-client privileged information contained in these documents." (Dkt. 44, August 28th Order, p. 2); and

- *Second*, "... plaintiffs counsel's motion suggests that it is necessary to file the forthcoming motion to withdraw and Ovadia Declaration under seal in order to avoid unnecessary publicity for her client. Other than citing Rule 1.6 of the New York Rules of Professional Responsibility, however, plaintiffs counsel has not cited any legal authority for the proposition that filing the motion to withdraw under seal is appropriate to prevent the public – as opposed to defendants' counsel – from reviewing it. To the extent plaintiffs counsel wishes to supplement her application with any such case law, counsel may do so within ten days of the date of this Order." (Dkt. 44, August 28th Order, p. 3)

12. In this regard, in or about approximately June 8 to June 15, 2012, Defendants' counsel had requested to examine the Motion to File Under Seal; and by email dated June 15, 2012, my now-former legal secretary, Kristin Chin, transmitted a copy of the Motion to Withdraw and my supporting Declaration to Defendants' counsel.

13. For the reasons more fully set forth in the accompanying Declaration of my ethics counsel, Mr. Krinsky, I respectfully submit that the transmission of the Motion to Withdraw and my supporting Declaration to Defendants' counsel should not, as a matter of law and attorney ethics, impact the pending Motion for Leave to Electronically File Documents Under Seal. The transmission of the Motion to Withdraw and my Declaration to Defendants' counsel made reference to certain sensitive documents/communications by and between Plaintiff's family and others, which,

in part, formed the basis for my seeking to withdraw as Plaintiff's counsel – *but those specific documents, and the facts, contained therein, were deliberately omitted and never transferred or otherwise ever disclosed to Defendants' counsel.*

14. Stated another way, and as further explained in Mr. Krinsky's accompanying Declaration, consistent with and pursuant to my duties and obligations under, inter alia, New York Rules of Professional Conduct 1.6 and 1.16, and the cases, New York ethics opinions and other legal authorities that have interpreted those Rules, my Motion to Withdraw and my Declaration provided skeletal factual information relating to the within Motion because in matters relating to withdrawal as counsel, a lawyer cannot disclose client confidences and secrets and confidential information without client consent.

15. Moreover, and as further explained in Mr. Krinsky's accompanying Declaration, because of the confidentiality mandate, courts and ethics committees have repeatedly taken the view that when a lawyer seeks to withdraw from representation, and information supporting such a motion would be prejudicial to the client, the attorney should move to withdraw without disclosing confidences and secrets and confidential information in his or her papers as to the specific factual grounds, but instead should, if the Court orders the attorney to do so, disclose certain limited information in camera, and only to the reasonable extent necessary under the circumstances.[2]

---

[2] As further discussed in Mr. Krinsky's accompanying Declaration, "confidential information" includes, but is not limited to, "information gained during or relating to the representation of a client, whatever its source, that is likely to be embarrassing or detrimental to the client if disclosed...." N.Y. R.P.C. 1.6(a)(3)(b); see also Professor Roy Simon, Simon's New York Rules of Professional Conduct Annotated, p. 206 (2013 ed. West. Publ.) ("Even if the client has not expressly requested (and the lawyer has not promised) that information will be held inviolate, the lawyer must (unless an exception applies) refuse to disclose all information that would be "embarrassing" to the client. This encompasses a wide range of information and depends on the client's particular situation.").

WHEREFORE, I respectfully request that this Court grant the application for leave to file the proposed Motion to Withdraw as Counsel of Record for Plaintiff and the supporting Declaration under seal, as well as such other and further relief that this Court may deem just and proper.

Dated: East Meadow, New York
January 11, 2013

LAW OFFICE OF STEPHANIE G. OVADIA

By: *Stephanie G. Ovadia*
STEPHANIE G. OVADIA, ESQ. (SO-6955)
2545 Hempstead Turnpike, Suite 221
East Meadow, New York 11554
Telephone: 516.542.2133
Email: sovadia@aol.com

*Attorneys for Plaintiff Lindsay Lohan*

KRINSKY, PLLC

7